**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James P. LINN, Defendant-Appellant.**

**No. 74–1397.**

United States Court of Appeals, Tenth Circuit.

Argued Jan. 22, 1975.

Decided April 9, 1975.

Rehearing Denied May 12, 1975.

---

Charles R. Hollen, Atty., Dept. of Justice (Gary D. Jackson, Atty., Dept. of Justice, on the brief), for plaintiff-appellee.

James P. Linn, Oklahoma City, Okl. (Linn, Helms & Kirk, Oklahoma City, Okl., and Mark A. Robertson, Legal Intern, on the brief), for defendant-appellant.

Before BREITENSTEIN, McWILLIAMS and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

This is an appeal from an order of the trial court denying the defendant's motion to expunge, remove and destroy the record of his arrest. Under the circumstances disclosed by the record here before us, we affirm the action of the trial court.

James P. Linn, an attorney-at-law licensed to practice in the State of Oklahoma, appears in this court pro se. Linn and seven others were indicted by a grand jury sitting in the Southern District of New York. The indictment contained some sixty-five counts, charging, among other things, conspiracy, mail fraud, wire fraud, stock fraud, sale of unregistered securities, and the filing of false reports with the Securities and Exchange Commission and the American Stock Exchange. Linn was a named defendant in fifty-nine of the sixty-five counts in the indictment.

Subsequent to the return of the aforesaid indictment, Linn was arrested and fingerprinted by the United States Marshal for the Southern District of New York.

Linn and four other defendants requested a change of venue to the Western District of Oklahoma. This request was granted. Trial of the case was to a jury, and of the fifty-nine counts naming Linn as a defendant, nine were submitted to the jury. The remaining counts were either dismissed or in some manner consolidated with the nine counts submitted to the jury.

The jury acquitted Linn on each of the nine counts submitted to it. Linn then filed in the criminal proceeding in which he had been thus acquitted a motion requesting the trial court to expunge, remove and destroy the record of his arrest. In this motion Linn alleged as grounds therefor that most of the charges against him had been dismissed prior to and during trial, and that he had been acquitted by the jury on all remaining counts of the indictment. Linn further alleged in his motion to expunge: (1) That future misuse and improper dissemination of his record of arrest was "likely"; (2) that the record of his arrest "could be" used to attack his character and reputation both as an individual and in his professional capacity as an attorney-at-law; (3) that Linn's ar-

rest record in nowise serves to protect society, so that any conceivable public interest in retaining the record of arrest is clearly outweighed by the possible adverse consequences to him and his professional practice; and (4) that expungement of the record of his prior arrest is necessary to insure his constitutional right of privacy.

No evidentiary hearing was held, or apparently requested, in connection with Linn's motion to expunge, though the matter was fully briefed by both Linn and the Government. The trial court then denied Linn's motion to expunge his record of arrest, and this appeal follows.

Traditionally, courts have been of the view that the matter of expunging an arrest record where the arrestee has been acquitted was inappropriate for judicial action, and that the entire matter was more appropriate for legislative action. United States v. Dooley, 364 F.Supp. 75, at 79 (E.D.Pa.1973). However, there are a number of comparatively recent cases which indicate quite clearly that in a proper case the courts may themselves order an expunction of an arrest record. Requests to expunge have arisen in a variety of procedural settings. For example, requests to expunge are frequently made as a part of the relief requested in civil rights proceedings, of one type or another, brought against state or county officials. See Sullivan v. Murphy, 156 U.S.App.D.C. 28, 478 F.2d 938 (1973), cert. denied, 414 U.S. 880, 94 S.Ct. 162, 38 L.Ed.2d 125 (1973); Wilson v. Webster, 467 F.2d 1282 (9th Cir. 1972); United States v. McLeod, 385 F.2d 734 (5th Cir. 1967); Herschel v. Dyra, 365 F.2d 17 (7th Cir. 1966); Bilick v. Dudley, 356 F.Supp. 945 (S.D.N.Y.1973); Wheeler v. Goodman, 306 F.Supp. 58 (W.D.N.C.1969), vacated on other grounds, 401 U.S. 987, 91 S.Ct. 1219, 28 L.Ed.2d 524 (1971); and Hughes v. Rizzo, 282 F.Supp. 881 (E.D.Pa.1968).

Requests to expunge arrest records have also been frequently made in post-conviction proceedings. See Rogers v. Slaughter, 469 F.2d 1084 (5th Cir. 1972); Kowall v. United States, 53 F.R.D. 211 (W.D.Mich.1971); and Severson v. Duff, 322 F.Supp. 4 (M.D.Fla.1970).

Similar requests have also been made in actions brought directly against the actual custodian of the records sought to be expunged. See Menard v. Saxbe, 498 F.2d 1017 (D.C.Cir. 1974); Gomez v. Wilson, 323 F.Supp. 87 (D.C.D.C.1971); Davidson v. Dill, 503 P.2d 157 (Colo. 1972); and Eddy v. Moore, 5 Wash.App. 334, 487 P.2d 211 (1971).

Finally, requests to expunge have been made, as in the instant case, in the criminal proceeding in which the arrestee was acquitted. See Morrow v. District of Columbia, 135 U.S.App.D.C. 160, 417 F.2d 728 (1969); United States v. Seasholtz, 376 F.Supp. 1288 (N.D.Okla.1974); United States v. Dooley, 364 F.Supp. 75 (E.D.Pa.1973); United States v. Rosen, 343 F.Supp. 804 (S.D.N.Y.1972); and United States v. Kalish, 271 F.Supp. 968 (D.Puerto Rico, 1967).

■ Under the authorities above cited it is fairly well established, then, that courts do possess the power to expunge an arrest record where the arrestee has been acquitted. However, there appears to be no definitive, all-purpose rule to govern requests of this nature, and to a considerable degree each case must stand on its own two feet. The cases above cited do indicate that the power to expunge an arrest record is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case. Certain of the cases call for a "balancing" of the equities between the Government's need to maintain extensive records in order to aid in general law enforcement and the individual's right of privacy.

■ Under the cases above cited, where the arrest itself was an unlawful one, or where the arrest represented harassing action by the police, or where the statute under which the arrestee was prosecuted was itself unconstitutional, courts have ordered expunction. However, it would appear that an acquittal, standing alone, is not in itself sufficient to warrant an expunction of an arrest

record. United States v. Seasholtz, 376 F.Supp. 1288 (N.D.Okla.1974); United States v. Dooley, 364 F.Supp. 75 (E.D.Pa. 1973); and United States v. Rosen, 343 F.Supp. 804 (S.D.N.Y.1972). Let us examine the facts of the instant case in the light of the authorities above mentioned.

■ Linn's arrest was a lawful one, pursuant to an indictment returned by a duly constituted grand jury sitting in the Southern District of New York. The charges set forth in the indictment were lawful ones not subject to any constitutional infirmity. Although Linn was no doubt severely inconvenienced by the return of the indictment, there is nothing to indicate any harassing action, as such, by any governmental agency. On trial of the matter, the trial judge held there was sufficient incriminating evidence against Linn to require submission of at least nine counts to the jury. And in acquitting, the jury found, in effect, only that the Government had not proven Linn's guilt beyond a reasonable doubt.

■ Linn argues on appeal that the Government's retention of his arrest records is an invasion of his right of privacy. There was no showing, however, that the retained records have been, or will be, used improperly or intrusively against Linn. In fact, the so-called "arrest" record now on file with the F.B.I. clearly shows Linn was found not guilty of the charges against him. Thus, there is no demonstrated invasion of privacy which overrides the Government's justification in keeping the records.

So, the instant case really boils down to whether the fact that Linn was acquitted is in itself sufficient to require the trial court to expunge his record of arrest. We hold that it is not.

Judgment affirmed.