**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Larry Douglas FRIESEN, Defendant-Appellee.**

No. 88–1189.

United States Court of Appeals, Tenth Circuit.

Aug. 10, 1988.

Kim I. Martin, Asst. U.S. Atty. (Benjamin L. Burgess, Jr., U.S. Atty., with her on the brief) Wichita, Kan., for plaintiff-appellant.

Larry Douglas Friesen, Oklahoma City, Okl., pro se.

Before MOORE and BALDOCK, Circuit Judges, and PARKER, District Judge.[*]

JOHN P. MOORE, Circuit Judge.

Larry Douglas Friesen, an attorney, was charged with conspiracy to knowingly and intentionally manufacture cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 and 843, and 18 U.S.C. § 2. He was found not guilty on all counts and subsequently moved to have expunged all records referring to his arrest. The predicate for this relief was his assertion, "The defendant is currently being grievously injured because by the retention of the ... records ... [he] is being damaged in terms of employment availability, reputation in the community, and possible denial of professional licensing." Without taking evidence on this assertion, the trial court determined Mr. Friesen was "caught up in a series of events which gave rise to the forfeiture of his license to practice law, and his arrest and jury trial only served to compound his problem." The court also stated, "While the fact that a person has simply been arrested for some offense should not in and of itself be an obstacle to any fair-minded individual, the fact that a person has been arrested for some drug-related offense surely may." Upon this premise, the court ordered expunction.

■ The government's appeal from this order presents the issue of whether the district court abused its discretion by ordering expunction of an arrest record without a factual showing of harm or "extreme circumstances." We conclude the trial court could not exercise its discretion to order expunction without such a showing. Accordingly, we reverse and remand.

The government's appeal is focused upon the trial court's failure to find "extreme circumstances" which would justify the expunction order. It is contended that the court's power to expunge arrest records is "exceedingly narrow" and to be applied only in the most unusual circumstances. *Sullivan v. Murphy,* 478 F.2d 938 (D.C.Cir. 1973) (mass arrest where probable cause impossible to determine); *United States v. McLeod,* 385 F.2d 734 (5th Cir.1967) (purpose of arrest to harass civil rights workers); *Kowall v. United States,* 53 F.R.D. 211 (W.D.Mich.1971) (arrest based on statute held unconstitutional). Contending Congress has required maintenance of arrest records by the Attorney General, 28 U.S.C. § 534(a), the government argues the court cannot order expunction simply because a defendant was found not guilty. *United States v. Linn,* 513 F.2d 925 (10th Cir.), *cert. denied,* 423 U.S. 836, 96 S.Ct. 63, 46 L.Ed.2d 55 (1975).

Defendant ripostes with the argument that the potential for harm to him is so great the expunction of his record is the only protection he has from unauthorized release of the facts relating to his arrest. He contends also the arrest for a drug-related offense is stigmatizing in current society; hence the trial court properly exercised its discretion.

■ Our analysis begins with the principle that the district court has the authority to order expunction, but the power is not unfettered. Expunction is committed to

---

[*] Honorable James A. Parker, United States District Judge for the District of New Mexico, sitting by designation.

the discretion of the trial court, but it is not a remedy to be granted frequently. Indeed, mere acquittal of the subsequent charge is an insufficient reason to grant expunction. *Linn*, 513 F.2d at 927. As we noted in *Linn:* "[T]he power to expunge an arrest record is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case." *Id.*

■ We find significant parallels between this case and *Linn.* In that case, the defendant seeking expunction is an attorney who claimed, following acquittal, abusive dissemination of his arrest record was likely. Linn also contended the record could be used to affect his professional reputation and that perpetuation of the record was of no use to society. However, we noted in *Linn*, as here, the arrest was lawful, and there was sufficient evidence of guilt for the jury to consider. Those similarities notwithstanding, this case has an additional dimension which requires further inquiry.

The trial court believed Mr. Friesen's arrest resulted in a stigma that acquittal would not absolve. It was assumed that drug offenses may bear an opprobrium not inherent in other crimes; therefore, an arrest for a drug offense may result in that kind of harm to a defendant which can be removed only by expunction.

Yet, we can find no factual basis in this record which supports these assumptions. The trial court took no evidence to determine how Mr. Friesen's arrest affected his private or professional life. Nor did the papers filed by defendant provide such facts to the court. Finally, the court made no findings of fact for us to review so that we might determine whether the court abused its discretion.

The record before us suggests the court based its judgment only upon the unsupported conclusions set forth in defendant's motion for expunction that he was being "grievously injured" and "damaged in terms of employment availability, reputation in the community, and possible denial of professional licensing." If true, and if

found by the trial court to be unusually compelling circumstances, these may be reasons to justify the exercise of the trial court's "narrow" power to order expunction. Until those facts are properly established in an adversary proceeding, however, we cannot review the trial court's judgment under the abuse of discretion standard which guides us. Accordingly, the order of the district court is REVERSED and the case REMANDED for the purpose of holding an evidentiary hearing and making findings of fact.