UNITED STATES of America, Appellee,

v.

Hughes Anderson BAGLEY,
Jr., Appellant.

No. 89–1304.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 9, 1989.

Decided March 14, 1990.

Francis L. Goodwin, Sioux City, Iowa, for appellant.

Willis A. Buell, Sioux City, Iowa, for appellee.

Before FAGG, Circuit Judge,
HEANEY, Senior Circuit Judge, and
BEAM, Circuit Judge.

FAGG, Circuit Judge.

Hughes Anderson Bagley, Jr., appeals from the district court's denial of his motions to expunge all records of his arrest and indictment, and for the return of illegally seized weapons. We affirm.

As part of an ongoing criminal investigation, law enforcement officers arrested Bagley and acquired a locked briefcase from Bagley's home. Without obtaining a search warrant, the officers opened the briefcase and discovered two handguns inside. Bagley was later indicted as a felon in receipt and possession of firearms. Before trial on the indictment, Bagley moved to suppress the weapons claiming they were seized in an illegal search, and the district court granted his motion. The government then dismissed the indictment, and Bagley brought his motions for expunction and return of the weapons.

Guided by well-established principles, we conclude Bagley's case presents no extraordinary circumstances warranting

expunction. *See United States v. Doe,* 859 F.2d 1334, 1336 (8th Cir.1988). The district court has a narrow power to expunge criminal records, *United States v. McMains,* 540 F.2d 387, 389–90 (8th Cir.1976), which is infrequently exercised, *United States v. Friesen,* 853 F.2d 816, 818 (10th Cir.1988), and reserved for unusual or extreme cases, *United States v. Linn,* 513 F.2d 925, 927 (10th Cir.), *cert. denied,* 423 U.S. 836, 96 S.Ct. 63, 46 L.Ed.2d 55 (1975). The district court balances the government's need to maintain extensive records to aid in effective law enforcement against the harm to the individual of maintaining these records by examining requests for expunction on a case-by-case basis. *United States v. Schnitzer,* 567 F.2d 536, 539–40 (2d Cir. 1977), *cert. denied,* 435 U.S. 907, 98 S.Ct. 1456, 55 L.Ed.2d 499 (1978); *Linn,* 513 F.2d at 927. We review the district court's decision to expunge under an abuse of discretion standard. *United States v. International Harvester Co.,* 720 F.2d 418, 419 (5th Cir.1983), *cert. denied,* 466 U.S. 939, 104 S.Ct. 1915, 80 L.Ed.2d 463 (1984).

In our view, Bagley's arrest information and indictment represent valuable law enforcement records, and the adverse consequences to Bagley of preserving the records are minimal. The unlawful seizure of the weapons discovered in Bagley's briefcase did not affect Bagley's indictment, *United States v. Calandra,* 414 U.S. 338, 343–45, 94 S.Ct. 613, 617–19, 38 L.Ed.2d 561 (1974), nor did the government concede Bagley's innocence in dismissing the indictment, *see Schnitzer,* 567 F.2d at 540. Indeed, Bagley's guilt is clear apart from the intervention of the exclusionary rule. *See Stone v. Powell,* 428 U.S. 465, 490, 96 S.Ct. 3037, 3050, 49 L.Ed.2d 1067 (1976).

Because the exclusionary rule is a deterrent to unlawful police conduct, Bagley received his fourth amendment remedy when the district court suppressed Bagley's weapons for trial purposes. *Calandra,* 414 U.S. at 347, 94 S.Ct. at 619. Although mistaken and unlawful, the officers' actions in this case were not taken in flagrant violation of the fourth amendment. *See Menard v. Saxbe,* 498 F.2d 1017, 1023 (D.C.

Cir.1974). Bagley does not claim he was the victim of police harassment, *see Linn,* 513 F.2d at 927–28, nor does he suggest his conviction was sought for an illegal purpose. *United States v. McLeod,* 385 F.2d 734, 749–50 (5th Cir.1967). Further, Bagley has failed to show the government will misuse the retained records against him, *see Linn,* 513 F.2d at 928, or he would suffer serious adverse consequences if the government is permitted to maintain the records. *Schnitzer,* 567 F.2d at 539–40.

We thus agree with the district court that Bagley's case is indistinguishable "from every other case where suppression of a key piece of evidence results in the dismissal" of the indictment. Like the district court, we "find[ ] it difficult to imagine that expun[ction], a remedy to be used in extreme circumstances, should be exercised every time a case is dismissed because evidence is suppressed." We conclude the district court did not abuse its discretion in denying Bagley's motion to expunge.

■ Bagley also sought return of the weapons seized from the briefcase. A person who is entitled to lawful possession of illegally seized property may move for the return of the seized property. Fed.R. Crim.P. 41(e). As a convicted felon, Bagley cannot lawfully possess the weapons. 18 U.S.C. § 922(g) (1988). Bagley concedes he is not entitled to possession of the weapons, but argues the weapons should be sold by a third party with the proceeds remitted to Bagley. Bagley's argument is frivolous. We agree with the district court "that to allow [Bagley] to reap the economic benefit from ownership of weapons [ ] which it is illegal for him to possess would make a mockery of the law."

Accordingly, we affirm.