943 F.2d 57
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles Morris RAY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-7078.
 United States Court of Appeals, Tenth Circuit.
 Sept. 6, 1991.
 
 1
 Before SEYMOUR and EBEL, Circuit Judges, and BABCOCK,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 BABCOCK, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Petitioner appeals from an order of the district court denying his motion to expunge his arrest and conviction records. We affirm.
 
 
 6
 Petitioner pleaded guilty to mail fraud under 18 U.S.C. § 371. The information alleged that petitioner conspired with various county commissioners to deprive Oklahoma citizens of their right to honest and fair government. After the Supreme Court rendered its decision in McNally v. United States, 483 U.S. 350, 356 (1987), holding that 18 U.S.C. § 1341, a mail fraud statute, protects property rights, not the intangible rights of the citizenry to good government, petitioner filed a motion pursuant to 28 U.S.C. § 2255 to have his judgment and conviction vacated. Based on McNally, the district court granted the motion.
 
 
 7
 Petitioner then moved the district court to expunge his arrest and conviction records. The district court denied the motion.
 
 
 8
 Petitioner contends that the district court abused its discretion in not expunging the records, because there was no valid constitutional basis for the criminal charges. He also asserts that the records unconstitutionally restrict his activities because he must produce these records to rebut the presumption of his conviction each time he applies for a job, seeks credit, or attempts to purchase a firearm. We disagree.
 
 
 9
 The district court has the discretion to order that arrest or conviction records be expunged. United States v. Friesen, 853 F.2d 816, 817-18 (10th Cir.1988). The discretion, however, is narrow and should be exercised in only extreme or unusual cases. Bromley v. Crisp, 561 F.2d 1351, 1364 (10th Cir.1977) (en banc), cert. denied, 435 U.S. 908 (1978); United States v. Linn, 513 F.2d 925, 927 (10th Cir.), cert. denied, 423 U.S. 836 (1975). The appropriateness of expunction must be decided on a case-by-case basis. Linn, 513 F.2d at 927.
 
 
 10
 No federal statute provides for expunction of arrest or conviction records. United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir.1977), cert. denied, 435 U.S. 907 (1978). Expunction has been held appropriate when an arrest is unlawful, see Linn, 513 F.2d at 927-28, or when a conviction is unconstitutional, United States v. Noonan, 906 F.2d 952, 957 (3d Cir.1990); Reyes v. Supervisor of Drug Enforcement Admin., 834 F.2d 1093, 1098 (1st Cir.1987). Courts, however, do not automatically expunge official records when a conviction is overturned on constitutional grounds. Noonan, 906 F.2d at 957.
 
 
 11
 Because there is no automatic right to expunction, we must balance the government's interest in maintaining records for law enforcement purposes against the individual's right to privacy. See Linn, 513 F.2d at 927. Petitioner claims that his privacy concerns override the government's interest in keeping these records and that he will be harmed if the records are not expunged. These conclusory claims are speculative and unsupported by the record. Petitioner has failed to show that his arrest and conviction records have been or will be used improperly or intrusively against him. See id. at 928. Additionally, he has failed to show that he will suffer adverse consequences if the government retains the records. See United States v. Bagley, 899 F.2d 707, 708 (8th Cir.), cert. denied, 111 S.Ct. 343 (1990). Thus, petitioner has failed to prove his interests override the government's interest in retaining the records. See Linn, 513 F.2d at 928.
 
 
 12
 Accordingly, we conclude the district court did not abuse its discretion in denying the motion to expunge. The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3