959 F.2d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William H. ASHLEY, Defendant-Appellant.
 No. 91-4078.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 William H. Ashley, a pro se federal prisoner, appeals the district court's order granting in part and denying in part his motion to return certain property under 28 U.S.C. § 2465. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A federal jury in Ohio convicted Ashley in September 1990 on one count of conspiracy to rob a bank, two counts of armed robbery, and two counts of carrying a firearm during a crime of violence. He received a sentence of 33 years. The verdict was affirmed on appeal.
 
 
 3
 Ashley then moved for the return of guns, money, and a videotape that had been seized by from him law enforcement officials. After the government filed its response, but prior to the filing of Ashley's reply brief, the district court granted Ashley's motion only as to the videotape. Ashley then filed this timely appeal contending that the district court erred by rendering an opinion prior to the receipt of his reply brief, by ordering a forfeiture that was not specified in either the indictment or the judgment, and by refusing to return the requested property although it was seized as a result of an illegal search. Ashley also argues that if this court affirms the district court's order, any proceeds obtained from the sale of his property should be applied to his assessment or restitution obligation. He requests leave to proceed in forma pauperis.
 
 
 4
 The district court's order is reviewed under the abuse of discretion standard. See generally United States v. Duncan, 918 F.2d 647, 654 (6th Cir.1990), cert. denied, 111 S.Ct. 2055 (1991) (request to return seized property under Fed.R.Crim.P. 41(e)).
 
 
 5
 The district court did not commit reversible error by ruling on Ashley's motion prior to the receipt of his reply brief. The district court action did not deny Ashley any meaningful opportunity to present his arguments to the district court. United States v. Isom, No. 90-50231, 1991 U.S.App. LEXIS 1708, at * 3 (9th Cir. Feb. 4, 1991).
 
 
 6
 We conclude the district court properly ordered Ashley's money be applied to his restitution requirement, see Duncan, 918 F.2d at 654, and that Ashley was not entitled to the return of his guns or the proceeds of their sale. See 18 U.S.C. § 922; United States v. Bagley, 899 F.2d 707, 708 (8th Cir.), cert. denied, 111 S.Ct. 343 (1990).
 
 
 7
 Finally, Ashley's remaining arguments were not presented to the district court and this court will not address the issues for the first time on appeal. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 8
 Accordingly, we grant the request to proceed in forma pauperis and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.