# F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ERYCK C. ASTON,

      Defendant - Appellant.

No. 97-4039

(D.C. 94-CR-17-001-B)

(D. Utah)

ORDER AND JUDGMENT[*]

Before BALDOCK, McKAY, and LUCERO, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Defendant, Mr. Eryck Aston, was charged in a sixteen-count indictment for possession of illegal firearms and silencers and for forging endorsements on treasury checks.  Pursuant to a plea agreement, fifteen of the charges were dismissed, and

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant pled guilty to one count of possession of a sawed-off shotgun and was sentenced to forty-six months in prison. Defendant's conviction and sentence were affirmed by this court. United States v. Aston, 103 F.3d 145 (10th Cir. 1996). After his conviction and sentence were affirmed, Defendant filed a petition to expunge his arrest record of the dismissed indictments. "This petitioner requests ALL dismissed charges be striken [sic] and or expunged from ALL records in the interest of Justice, (30) days has [sic] passed since the dismissal as per section 77-18-2, Utah Code Annotated . . . . WHEREFOR, this petitioner prays this court grant his requests and any other relief it see's [sic] fit." App. to Appellant's Opening Br. (Verified Petition for Expungment [sic] and Sealing of Record).

In this appeal, Defendant asks us to reverse the district court's order denying his motion to expunge and seal all records relating to the dismissed charges. Defendant also appeals the district court's denial of his motion to have the court order his supervised release location to the District of Montana. Additionally, Defendant filed an affidavit to recuse the district court judge before whom his 28 U.S.C. § 2255 and Federal Rule of Criminal Procedure 41(e) claims are pending, pursuant to 28 U.S.C. § 144. The district court treated the affidavit as a motion for recusal and as a motion for a change of venue, and denied both. App. to Appellant's Traverse [sic] to Governments [sic] Motion to Strike (Order, Civil No. 97-CV-127B, United States District Court, District of Utah-Central Division, Aug. 12, 1997).

2

Defendant brings this action pro se, therefore we view his pleadings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). It is permissible to bring an action for expungement as part of a post-conviction action or as a civil rights claim. See United States v. Linn, 513 F.2d 925, 927 (10th Cir. 1975); see also United States v. Pinto, 1 F.3d 1069, 1070 (10th Cir. 1993). The district court properly exercised jurisdiction over this matter as one filed pursuant to a criminal case; therefore, we exercise jurisdiction over this appeal under 28 U.S.C. § 1291.

We review the denial of a motion to expunge an arrest record for an abuse of discretion. United States v. Friesen, 853 F.2d 816, 817-18 (10th Cir. 1988). This court has often used a balancing test to determine whether expungement is warranted, weighing the government's interest in maintaining criminal records against the harm done to the defendant. See Linn, 513 F.2d at 927. Expungement is only warranted in extreme circumstances. See Pinto, 1 F.3d at 1070. In Linn, this court held that expungement "should be reserved for the unusual or extreme case," and that acquittal alone is not sufficient to require the trial court to expunge an arrest record. Linn, 513 F.2d at 927-28. This "unusual or extreme case" standard requires a defendant to overcome a heavy presumption against expungement. Merely alleging potential future harm and arguing that expungement is "in the interest of Justice,"Appellant's Opening Br. at 3, is insufficient to overcome the presumption against expungement.

3

Based on the record before us, we hold that the district court did not abuse its discretion in denying the motion to expunge Defendant's arrest record.[1]  A fair reading of Defendant's briefs reveals that Defendant's concern is that the information in his arrest record will be used to prevent him from being located in Montana for his supervised release period, or will serve as a basis to amplify his sentence should he again be arrested and convicted.  Appellant's Opening Br. at 2, 3; Appellant's Traverse [sic] to Governments [sic] Motion to Strike at 1-3.  Defendant is still in custody, therefore the location of his supervised release is speculative.  The district court could not properly balance a government interest in maintaining the arrest record against harm to the Defendant which is, at this time, speculative.

This court will review the denial of a motion to recuse only for an abuse of discretion.  See United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992).  Defendant's affidavit to recuse was filed pursuant to 28 U.S.C. § 144.  Under section 144, an affidavit filed in support of recusal is construed against the affiant, and there is a substantial burden on the moving party to demonstrate that the judge is not impartial.  See id.  The affidavit of bias and prejudice must be timely made, sufficient, and accompanied by a certificate of good faith of counsel.  28 U.S.C. § 144; see also Hinman v. Rogers,

---

[1]  Appellant's contention that Utah Code Ann. § 77-18-2 provides a basis for expungement, App. to Appellant's Opening Br. (Verified Petition for Expungment [sic] and Sealing of Record), is incorrect.  Utah statutes, of course, cannot provide a basis for a federal court to expunge a federal arrest record.

831 F.2d 937, 938 (10th Cir. 1987). Conclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification. See Hinman, 831 F.2d at 939. "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." Id. Defendant's affidavit contained only a conclusory assertion that he cannot receive justice in Utah, and, therefore, his petition seeking the recusal of the district court judge is insufficient as a matter of law. Thus we hold the district court did not abuse its discretion in denying the motion. See Singer v. Wadman, 745 F.2d 606, 608 (10th Cir. 1984).

We also affirm the district court's denial of a change of venue. A change of venue decision will not be disturbed by this court absent a clear abuse of the trial court's discretion to grant such a motion. See, e.g., United States v. Calabrese, 645 F.2d 1379, 1384 (10th Cir. 1981). For the reasons stated above in our discussion of the motion to recuse, we find that the district court's denial of a change of venue was not an abuse of its discretion. To the extent that Defendant is seeking recusal and a change of venue in his pending cases, we hold that this claim is not properly before us. These motions must be brought pursuant to those cases and appealed after a final order is entered on those claims.

The district court denied Defendant's motion to order his supervised release location to be the District of Montana. Because Defendant is still incarcerated, we do not reach the merits of Defendant's claim regarding the location of his supervised release.

5

We grant the government's Motion to Strike to the extent that Defendant's Memorandum in Support of Opening Brief appears to raise additional issues, noting that Defendant's 28 U.S.C. § 2255 and Federal Rule of Criminal Procedure 41(e) claims are still pending in the district court. We decline to evaluate these claims unless and until an appeal is filed from a final order of the district court.

We affirm the decisions of the district court regarding expungement, recusal, change of venue, and the requested order concerning the location of Defendant's term of supervised release.

AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge