UNITED STATES of America, Plaintiff

v.

Todd B. WILLIAMS, Defendant.

Case No. 1:88 CR 22 JTG.

United States District Court,
D. Utah,
Central Division.

Sept. 11, 2008.

## ORDER GRANTING MOTION TO EXPUNGE RECORDS

### ORDER

J. THOMAS GREENE, District Judge.

### MEMORANDUM

The defendant filed a Motion to Expunge Records which was subsequently argued before the court. After due consideration and with special emphasis on the rarity of the circumstances surrounding this case, the court grants the defendant's motion to expunge the records of his conviction.

### Background

In 1988 Mr. Todd Williams, the defendant, was a student at Weber State University and concurrently worked for a maintenance contractor at the IRS facilities in Ogden, Utah. At this time in his life Mr. Williams was a casual marijuana user. Through his work at the IRS facilities Mr. Williams befriended an undercover federal agent, posing as a fellow employee. Mr. Williams' new 'friend' asked him to get drugs for him on several occasions and Mr. Williams eventually gave in. Mr. Williams subsequently was arrested and plead guilty to one count of Distribution of a Controlled Substance (cocaine—Schedule II) under 21 USC § 841(a)(1). He was sentenced to three years of probation which he completed without incident. In the twenty years that have passed since his conviction, Mr. Williams has not only been a law-abiding citizen, but also has maintained an exemplary record: he graduated from college with high marks, maintained steady employment while excelling in the workplace, was married during the past ten years, and has been, and still remains, a loving and devoted father who is very involved in the lives of his three children.

Mr. Williams testified in court about the negative consequences that he has had to endure when various background checks have revealed the record of his conviction. The background checks have kept him from coaching his childrens' sports teams and have limited his upward advancement at his place of employment. Also, as long as the record of his conviction remains in force and accessible to the public, Mr. Williams is not able to vote and cannot own or handle a firearm, even for sporting purposes. As a patriotic individual and a hunter, Mr. Williams would like to regain these privileges. An Assistant U.S. Attorney came before the court and argued in favor of granting the Motion to Expunge Records, stating that the adverse consequences that Mr. Williams is suffering due to the record of his conviction far outweigh the value to the government of keeping a record of his conviction. Mr. Williams testified that so long as the conviction is a matter of record, he cannot progress any further in management or otherwise while working at the Union Pacific Railroad.

### Discussion

██ The motion to expunge submitted by the defendant is brought under the well established equitable power of the district court to expunge criminal records. *United States v. Linn,* 513 F.2d 925, 927 (10th Cir.1975). Although the power to expunge is undisputed, " . . . there appears

to be no definitive, all-purpose rule to govern requests of this nature, and to a considerable degree each case must stand on its own two feet." *Id.* Taking into consideration both the evidence offered by Mr. Williams and the argument in support of his position by the United States government, it is clear that the particularly unique circumstances surrounding Mr. Williams' case justify the court's use of it's inherent equitable power to expunge Mr. Williams' record.

## Balancing Test

In deciding issues of expungement the 10th circuit has acknowledged and applied the 'balancing test' method used by many courts in sister circuits. *United States v. Linn,* 513 F.2d 925, 927 (10th Cir.1975). As evidenced by abundant citation of cases dealing with expungement, the most prolific formulation of the balancing test is: "If the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records, then expunction is appropriate." *Diamond v. United States,* 649 F.2d 496, 499 (7th Cir.1981); *also see Bromley v. Crisp,* 561 F.2d 1351, 1364 (10th Cir.1977) where the court states, "There should be a balancing of the interests of the State in maintaining records for law enforcement against the individual's rights." When the State's interest in maintaining Mr. Williams' record are weighed against the actual harms that Mr. Williams has suffered and is suffering due to this record, expunction is an appropriate remedy.

In evaluating the individual harms caused by a criminal record, and in order to subsequently apply the balancing test, the court has emphasized the importance of evidentiary proof of actual adverse consequences suffered by the defendant. See

*United States v. Friesen,* 853 F.2d 816, 818 (10th Cir.1988) "... the court made no findings of fact for [the appellate court] to review so that we might determine whether the court abused it's discretion [in granting expungement]"; *United States v. Flowers,* 389 F.3d 737, 740 (7th Cir.2004) "Turning specifically to the balancing test, we note that as to the adverse consequences, [the defendant] does not provide any evidence of the actual loss of employment opportunities" and thus "... speculative consequence cannot outweigh the public interest in maintaining the accuracy of judicial records." In *United States v. Linn,* 513 F.2d 925, 928 (10th Cir.1975), the Tenth Circuit Court of Appeals said, "There was no showing ... that the retained records have been, or will be, used improperly or intrusively against [the defendant] ... Thus, there is no demonstrated invasion of privacy which overrides the Government's justification in keeping the records."

The importance of factual evidence showing actual adverse consequences to the defendant is made especially clear in *Friesen* where the court complains of a lower court decision in favor of expungement that:

"... suggests the court based its judgment only upon the unsupported conclusions set forth in defendant's motion for expunction that he was being "grievously injured" and "damaged in terms of employment availability, reputation in the community, and possible denial of professional licensing." If true, and if found by the trial court to be unusually compelling circumstances, these may be reasons to justify the exercise of the trial court's "narrow" power to order expunction."

(*Friesen* at 818).

Unlike the defendant in *Friesen,* and other cases where no evidence of actual

harm and damage was set forth in the record, Mr. Williams has provided the court with actual evidence of the adverse consequences he is suffering due to his conviction record. In this regard, a copy of his employer's company policy showing that he will not qualify for any further promotion due to his past unexpunged criminal record was presented. The fact that Mr. Williams submitted factual evidence of his lost employment opportunities and testified in court of other actual missed opportunities stemming from the existence of his criminal record distinguishes his case from other 10th Circuit decisions as well as other cases denying expungement.

Further evidence of the "unusually compelling circumstances" that surround Mr. Williams' request for expungement are found in his memorandum submitted to the court, and arguments made in front of the court, by the *United States Attorney's* representations in favor of Mr. Williams' request. In addition to the government submitting a memo stating that it did not oppose the defendant's motion to expunge, an Assistant *US Attorney* took the witness stand and argued that this was just the type of 'rare and extreme circumstance' that warranted the court's use of its inherent equitable power to expunge records of the court. Unlike other 10th Circuit cases, where the government has opposed expunction on the grounds that the personal harms suffered by the defendant did *not* outweigh the State's interests in keeping records, in the case at bar the government argued in favor of expunction and has impressed upon the court that this is a case based on evidence in which the personal harms suffered by Mr. Williams far outweigh the government's interest in maintaining a record of his long past conviction. The government's unique willingness to of-

fer this defense is indicative of the rarity of Mr. Williams' situation and justifies the exercise of the court's narrow power to order expunction. In this regard, the court finds from evidence presented to the court that the actual personal harms suffered by the defendant far outweigh government's interest in maintaining the aforesaid record of his prior conviction. Accordingly, the court finds and rules that expunction of the record in this case is appropriate.

For the foregoing reasons and after careful consideration, the defendant's Motion to Expunge is hereby **GRANTED.**