Paul N. FARMER, Appellant,

v.

STATE of Alaska, DEPARTMENT OF LAW, OFFICE OF the ATTORNEY GENERAL, Appellee.

No. S–13203.

Supreme Court of Alaska.

June 25, 2010.

Rehearing Denied Aug. 18, 2010.

Paul N. Farmer, Anchorage, pro se.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions & Appeals, Anchorage, and Richard A. Svobodny, Acting Attorney General, Juneau, for Appellee.

Before: CARPENETI, Chief Justice, FABE, WINFREE, CHRISTEN, and STOWERS, Justices.

*OPINION*

FABE, Justice.

## I. INTRODUCTION

In the early 1990s, Paul Farmer was convicted of several felonies. More than ten years after completing his sentence of incarceration, followed by a term of probation, Farmer attempted to purchase a rifle. The FBI refused to authorize his purchase, presumably due to his felony convictions. Farmer then petitioned for expungement of his criminal record so that he would be able to legally purchase and possess a firearm. While acknowledging that it is an open question whether Alaska courts have inherent authority to expunge criminal records, the superior court concluded that even if such authority exists, Farmer would not qualify for expungement. The superior court denied Farmer's petition, and Farmer appealed. Because we agree that Farmer would not

qualify for expungement even if Alaska courts have inherent authority to expunge criminal records, we affirm the superior court's ruling.

## II. STATEMENT OF FACTS

### A. Facts

In 1991 Paul Farmer pleaded no contest to the crime of misconduct involving a controlled substance in the fourth degree, a felony.[1] "Superior Court Judge Beverly W. Cutler suspended the imposition of sentence on the condition that Farmer serve two years of probation."[2] In 1993 Farmer was convicted of two counts of misconduct involving a controlled substance in the fourth degree and one count of misconduct involving weapons in the first degree, also a felony. The superior court sentenced Farmer to two years for the controlled substance convictions and two years with all but sixty days suspended for the weapons conviction. The superior court also imposed sentence on the 1991 controlled substance conviction, sentencing Farmer to one year with ten months suspended.

More than ten years after completing his sentence and subsequent period of probation, Farmer tried to buy a rifle. The FBI sent Farmer a letter refusing to authorize the purchase, presumably due to his felony convictions. Farmer evidently appealed, and the FBI sent Farmer a letter denying his appeal.

### B. Proceedings

On October 19, 2007, about four and a half months after receiving the FBI's letter denying his appeal, Farmer filed a petition in superior court seeking to expunge his criminal record and arguing that "he has led an honest and upright life since completing his probation." He also asserted that he requires a firearm for "self defense in the home, hunting, or for subsistence off the land" and that, under these circumstances, permanently banning him from purchasing and possessing a firearm violates his constitutional right to bear arms. The State filed an opposition to Farmer's petition, arguing that federal law prohibits Farmer from possessing any firearm or ammunition for the rest of his life, and that the prohibition would not be lifted even if "court records later are sealed or expunged."

Farmer filed a reply memorandum, accompanied by a second motion and memorandum, asking the court to rule on the merits of his petition. In its response, the State characterized Farmer's petition as concerning his right to buy firearms and argued that the right to buy firearms is not constitutionally protected. The State also argued that Farmer was not entitled to expungement of his record.

On July 3, 2008, the superior court issued an order denying Farmer's petition for the expungement of his criminal convictions. As the order explained, "No Alaska statute, rule or judicial decision expressly vests Mr. Farmer with the right to obtain the expungement of his criminal records." The court noted that under AS 12.55.085, it is permitted to set aside a conviction under certain circumstances. While acknowledging that it is an open question whether "a trial court has the inherent authority to expunge Mr. Farmer's felony convictions," the superior court concluded that doing so under the circumstances of this case "would clearly be an abuse of discretion."

Farmer then filed a motion to have his prior convictions set aside, which the State opposed. The superior court denied Farmer's motion, explaining that convictions may be set aside only where a felon has been discharged without imposition of sentence and that because Farmer received sentences of record, his convictions could not be set aside.

Farmer appeals the denial of his petition for expungement. He also argues that the superior court erroneously prevented him from filing a motion for reconsideration of its final judgment.

---

1. *Farmer v. State*, Mem. Op. & J. No. 2582, 1992 WL 12153691, at *1 (Alaska App., Dec.30, 1992).

2. *Id.*

## III. STANDARD OF REVIEW

 This case involves issues of statutory and constitutional interpretation "to which we apply our independent judgment, adopting the rule of law that is most persuasive in light of precedent, reason, and policy."[3] We review a trial court's decision whether to provide guidance to a pro se litigant for abuse of discretion.[4]

## IV. DISCUSSION

Farmer argues that he should qualify for judicial expungement of his criminal record because denying him expungement violates his right to bear arms, his right to privacy, and his right to due process and because his convictions resulted from admission of evidence obtained through an illegal search.

In *Journey v. State*, we declined to decide whether Alaska courts have inherent authority to expunge a defendant's criminal record because the parties did not provide adequate briefing on how state courts had resolved the question.[5] But even if Alaska courts do have inherent authority to expunge a defendant's criminal record, this case does not present circumstances that would justify expungement.

## A. Even If Alaska Courts Have Inherent Authority To Expunge Criminal Convictions, Farmer Would Not Qualify For Expungement.

Court decisions finding inherent judicial authority to expunge criminal records "suggest that the power to expunge inheres either in the court's expressly conferred authority to preside over trials and sentencings in criminal cases or in its traditional role as enforcer of constitutional guarantees."[6] Federal courts "have uniformly claimed inherent power to expunge criminal records."[7] But they have reserved this authority only for "the unusual or extreme case."[8] State courts holding that they, like federal courts, have inherent authority to expunge criminal records have adopted a variety of standards for when a petitioner may qualify for expungement. Some have adopted balancing tests weighing the petitioner's rights against the public's interest in retaining criminal records.[9] At least one state court applies a balancing test even when the petitioner's constitutional rights are not implicated.[10] Others, including the Alaska Court of Appeals, indicate that an exceptional or extraor-

3. *Kohlhaas v. State, Office of the Lieutenant Governor,* 147 P.3d 714, 717 (Alaska 2006).

4. *Snyder v. Am. Legion Spenard Post,* 119 P.3d 996, 1001 (Alaska 2005).

5. 895 P.2d 955, 962 (Alaska 1995), aff'g, *Journey v. State (Journey I),* 850 P.2d 663 (Alaska App. 1993) ("Given the fact that neither party provides adequate briefing on the question of how state courts, as opposed to federal courts, have decided the inherent authority to expunge issue, we conclude that this case presents an inappropriate occasion upon which to decide the issue.").

6. *Journey I,* 850 P.2d at 666; *see also State v. C.A.,* 304 N.W.2d 353, 357–58 (Minn.1981) (holding that the judiciary's inherent authority includes both "the power to fashion relief necessary to prevent serious infringement of constitutional rights" and the power to "reduce or eliminate unfairness to individuals, even though the unfairness is not of such intensity as to give a constitutional dimension").

7. *Journey I,* 850 P.2d at 666; *see also United States v. Friesen,* 853 F.2d 816, 817–18 (10th Cir.1988); *Maurer v. Individually and as Members of L.A. County Sheriff's Dep't,* 691 F.2d 434, 437 (9th Cir.1982); *United States v. McMains,* 540 F.2d 387, 389–90 (8th Cir.1976); *Menard v.*

*Saxbe,* 498 F.2d 1017, 1023 (D.C.Cir.1974); *United States v. McLeod,* 385 F.2d 734, 748–50 (5th Cir.1967).

8. *United States v. Linn,* 513 F.2d 925, 927 (10th Cir.1975).

9. *See, e.g., Davidson v. Dill,* 180 Colo. 123, 503 P.2d 157 (1972) (weighing the individual's right to privacy against the state's interest in maintaining records); *Commonwealth v. Wexler,* 494 Pa. 325, 431 A.2d 877 (1981) (weighing individual's "right to be free from the harm attendant to maintenance of the arrest record" against the state's interest in maintaining records).

10. *See State v. K.M.M.,* 721 N.W.2d 330, 334–35 (Minn.App.2006) ("This inherent authority is exercisable (1) when petitioner's constitutional rights may be seriously infringed by retention of the records; or (2) when constitutional rights are not involved, but the court determines that 'expungement will yield a benefit to the petitioner commensurate with the disadvantages to the public from the elimination of the record and the burden on the court in issuing, enforcing, and monitoring an expungement order.' ") (quoting *State v. Ambaye,* 616 N.W.2d 256, 258 (Minn. 2000)).

dinary circumstances standard would be appropriate.[11]

### 1. If Alaska courts have inherent authority to expunge criminal convictions, they may properly exercise that authority only in exceptional or extraordinary circumstances.

■ In the federal court system, inherent authority to expunge criminal records is limited, and expungement is appropriate only where the extraordinary circumstances of a particular case "outweigh the government's interest in maintaining criminal records."[12] For example, federal courts "may order expunction in cases where there has been an unlawful arrest, where an arrest has been made merely for harassment purposes, or where the statute under which an individual was prosecuted has subsequently been determined to be unconstitutional."[13] Expungement of an arrest record is not necessarily appropriate when a criminal defendant has been acquitted.[14]

While we do not adopt any specific standard for determining whether expungement is appropriate, we agree that even if Alaska courts have inherent authority to expunge, judicial expungement of criminal records should be an exceptional or extraordinary remedy rather than a generally available one.

### 2. Farmer's case does not present extraordinary circumstances that would justify judicial expungement of his criminal record.

■ We first address Farmer's argument that he is entitled to expungement of his criminal record because the search that produced evidence leading to his first conviction was illegal. As the State points out, the court of appeals considered this argument in 1992 and affirmed the denial of Farmer's suppression motion and his conviction.[15] Farmer has thus never established the illegitimacy of the search that resulted in his first conviction. And he has neither identified new facts nor raised new legal arguments that might challenge the validity of his convictions. Finally, Farmer has never established his factual innocence of the charges of which he was convicted. We therefore assume, for the purposes of this case, the lawfulness and validity of Farmer's convictions and the accuracy of the State's record of his criminal history. Farmer's allegations of an·illegal search therefore cannot justify expungement of his criminal record.

We now turn to Farmer's main argument—that denying him expungement violates his constitutional rights. As the court of appeals explained in its review of the expungement issue, "[U]nder certain circumstances, an order expunging criminal records might be appropriate to prevent or remedy a violation of [constitutional] rights, even though the disputed records were properly obtained and retained in the first instance."[16]

Farmer primarily argues that because his criminal record prevents him from purchasing and possessing a firearm, denying him expungement violates the right to bear arms under the Second Amendment to the United

11. *See, e.g., Journey I,* 850 P.2d at 666 (holding that even if inherent judicial authority to expunge criminal records exists, petitioners did not "present[ ] the type of exceptional circumstances that could conceivably warrant a discretionary exercise" of that authority); *Toth v. Albuquerque Police Dep't,* 123 N.M. 637, 944 P.2d 285, 287 (N.M.App.1997) (holding that if inherent judicial authority to expunge criminal records exists at all, it must "be exercised sparingly and only in extraordinary circumstances").

12. *United States v. Smith,* 940 F.2d 395, 396 (9th Cir.1991).

13. *United States v. G.,* 774 F.2d 1392, 1394 (9th Cir.1985); *see also Menard v. Saxbe,* 498 F.2d 1017 (D.C.Cir.1974) (where arrest was shown never to have been made); *Sullivan v. Murphy,* 478 F.2d 938 (D.C.Cir.1973) (where arrests were unconstitutional); *United States v. McLeod,* 385 F.2d 734 (5th Cir.1967) (where arrests and prosecutions were meant to interfere with individuals' right to vote).

14. *See, e.g., United States v. Linn,* 513 F.2d 925, 927–28 (10th Cir.1975) ("[I]t would appear that an acquittal, standing alone, is not in itself sufficient to warrant an expunction of an arrest record.").

15. *See Farmer v. State,* Mem. Op. & J. No. 2582, 1992 WL 12153691, at *1 (Alaska App., Dec.30, 1992).

16. *Journey I,* 850 P.2d 663, 668 (Alaska App. 1993).

States Constitution and article I, section 19 of the Alaska Constitution. Citing *District of Columbia v. Heller*, a decision by the Supreme Court of the United States holding that the Second Amendment confers an individual right to bear arms,[17] Farmer argues that prohibiting all convicted felons from purchasing and possessing firearms unjustly denies convicted felons their constitutional right.

As the Supreme Court explained, however, the Second Amendment "is not unlimited," and its ruling in *Heller* "should [not] be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."[18] As the State points out in its briefing, this means that prohibitions on the possession of firearms by convicted felons survive *Heller*. Like the Second Amendment, the individual right to bear arms set out in article I, section 19 of the Alaska Constitution is limited and does not invalidate laws that restrict convicted felons' access to firearms.[19]

Because prohibitions on the purchase and possession of firearms by convicted felons do not violate either the Second Amendment of the United States Constitution or article I, section 19 of the Alaska Constitution, Farmer's argument is unavailing. The adverse consequences of conviction that Farmer argues violate his constitutional rights are, in fact, "the natural and intended collateral consequences of having been convicted."[20] For this reason, they do not justify judicial expungement of his criminal record.[21]

## B. The Superior Court Did Not Prevent Farmer From Filing A Motion For Reconsideration.

■ The last line of the superior court's final order denying Farmer's petition reads: "Accordingly, Mr. Farmer's petition is DENIED and this action is DISMISSED with prejudice." Farmer argues that this wording deprived him of his right to file a motion for reconsideration. As he explains in his briefing, "The manner in which [the superior court's] order was worded would have barred

17. —— U.S. ——, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008).

18. *Id.* at 2816–17.

19. *See Gibson v. State*, 930 P.2d 1300, 1301–02 (Alaska App.1997) (holding that the 1994 amendment to article I, section 19 was not intended to prevent the legislature from regulating the possession and use of firearms). *But see Wilson v. State*, 207 P.3d 565, 571 (Alaska App.2009) (Mannheimer, J., dissenting) (explaining that the drafters and supporters of the 1994 amendment intended "to impose a 'strict scrutiny'/'compelling state interest' test for firearms laws" and "repeatedly rejected efforts to change the wording of the amendment in ways that would have guaranteed the legislature's authority to enact 'reasonable' firearms laws, or that would have guaranteed the constitutionality of Alaska's then-existing firearms laws.").

20. *United States v. Smith*, 940 F.2d 395, 396 (9th Cir.1991).

21. We note that under Alaska law, Farmer may be permitted to purchase and possess a firearm because his convictions did not result from any violation of AS 11.41 and because ten years have elapsed since Farmer was discharged from his convictions. *See* AS 11.61.200(a)(1), (b)(1)(C). Title 11, chapter 41 of the Alaska Statutes is titled "Offenses Against the Person" and includes

homicide, assault, kidnapping, sexual offenses, and robbery. AS 11.41.100–.530. As both parties acknowledge, Farmer was convicted of three counts of misconduct involving a controlled substance in the fourth degree, violations of Chapter 71, and one count of misconduct involving weapons in the first degree, a violation of Chapter 61. The State argues that because Alaska law still restricts Farmer's ability to carry concealed firearms, Farmer is prohibited from purchasing and possessing a firearm under federal law. *See* AS 11.61.200(a)(12), (g) (prohibiting convicted felons from carrying concealed firearms unless the convictions did not result from any violation of AS 11.41, ten years have elapsed since being discharged from those convictions, *and* they are in their own homes or are engaged in a "lawful outdoor activity," such as hunting, that requires carrying firearms); *Caron v. United States*, 524 U.S. 308, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998) (holding that state prohibition on handgun possession by convicted felons triggered federal prohibition on firearm possession by convicted felons). *But see United States v. Flores*, 118 Fed. Appx. 49, 52–53 (6th Cir.2004) (holding that state prohibition on a convicted felon's right to obtain a license or permit to carry concealed firearms did not trigger federal prohibition on firearm possession by convicted felons). Whether Farmer is prohibited from purchasing and possessing a firearm under federal law and whether the FBI was therefore correct in refusing to authorize Farmer's firearm purchase are not questions properly before us here.

any attorney from filing a Motion for Reconsideration. After all, [the superior court] dismissed [the] action *WITH* prejudice." This argument is unconvincing.

As we have recognized, the phrase " 'with prejudice,' expressed in a judgment of dismissal, has a well-recognized legal import; and it indicates an adjudication of the merits, operating as res judicata." [22] It does not prevent parties to the case from filing motions for reconsideration. In fact, Alaska Rule of Civil Procedure 77(k) provides that a party may file a motion for reconsideration within ten days of "the date of notice of the final judgment in the case." As the State correctly explains in its briefing, the superior court's order was the final judgment from which Farmer could have filed a motion for reconsideration.

We have held that courts should generally relax the pleading requirements for pro se litigants, particularly where "lack of familiarity with the rules rather than gross neglect or lack of good faith underlies litigants' errors," and that courts should provide pro se litigants with guidance as to the proper procedure for the actions they are obviously trying to accomplish.[23] We have also indicated, however, that pro se litigants are "expected to make a good faith attempt to comply with the rules of procedure—absent this effort, [the litigant] may be denied the leniency otherwise afforded pro se litigants." [24] Although the superior court was likely aware that Farmer was unhappy with its ruling, it had no reason to know that Farmer wanted to file a motion for reconsideration as opposed to an appeal. Moreover, Civil Rule 77(k) clearly sets out the requirements for filing a motion for reconsideration, and Farmer failed to file even a defective motion.[25] Finally, because Farmer's case involves issues of statutory and constitutional interpretation, the superior court's ruling is being reviewed de novo.[26] Even if it was error not to inform Farmer that he could file a motion for reconsideration, our de novo review of the merits of his case cures any possible prejudice.[27]

## V. CONCLUSION

For these reasons, we AFFIRM the judgment of the superior court.

---

**22.** *Smith v. CSK Auto, Inc.,* 132 P.3d 818, 820 (Alaska 2006) (quoting 46 Am Jur.2d *Judgments* § 609 (2005)).

**23.** *Gilbert v. Nina Plaza Condo Ass'n,* 64 P.3d 126, 129 (Alaska 2003).

**24.** *Id.*

**25.** *See Bauman v. State, Div. of Family & Youth Servs.,* 768 P.2d 1097, 1099 (Alaska 1989) (declining "to require judges to warn pro se litigants on aspects of procedure when the pro se litigant has failed to at least file a defective pleading").

**26.** *Kohlhaas v. State, Office of the Lieutenant Governor,* 147 P.3d 714, 717 (Alaska 2006).

**27.** *Mullins v. Local Boundary Comm'n,* 226 P.3d 1012, 1016 (Alaska 2010).