## GOVERNMENT OF THE VIRGIN ISLANDS IN THE INTEREST OF L. D. S.

Fam. Juv. No. 236/1980

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

May 14, 1981

BRENDA J. HOLLAR, ESQ., St. Thomas, V.I., *for minor L. D. S.*

HENRY V. CARR, III, ASSISTANT ATTORNEY GENERAL (DEPARTMENT OF LAW—CRIMINAL DIVISION), St. Thomas, V.I., *for Government*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION AND ORDER

L. D. S., 15 years old, seeks destruction of all records of his arrest and juvenile prosecution through an order of expungement. He was charged with two counts of third degree assault,[1] but both were

---

[1] 14 V.I.C. § 297(2) (Supp. 1979).

dismissed with prejudice on motion of the Government. Relying on the court's equitable powers, L. D. S. wants all vestiges of this prosecution destroyed from all sources, including the Department of Public Safety (DPS), the court, and the Youth Services Administration (YSA). Because our Legislature has considered expunging juvenile records but has allowed this remedy only to destroy fingerprints and photographs,[2] the motion will be denied.

■■ The confidential nature of juvenile records, except those of YSA, is specifically protected by statute. The Department of Public Safety and court records must be sealed from public scrutiny. 5 V.I.C. §§ 2503(f) and 2511(b) (Supp. 1979). Fingerprints and photographs of arrested minors may be taken only by court order if the child is under sixteen. Id. § 2503(e). Expungement is permitted only of fingerprints and photographs, and only if the juvenile is "found innocent." Id.[3] No statute expressly commands that YSA records be kept confidential.[4]

■■ YSA records, however, must be kept "strictly confidential" by the statutes and regulations of its predecessor, the Department of Social Welfare (DSW). Before the YSA was created, DSW was responsible for all juvenile delinquency cases. 3 V.I.C. § 384(b)(3) and (6) (1967). The Legislature required the Commissioner of Social Welfare to keep all DSW records confidential. 34 V.I.C. § 12 (1967). The Commissioner, pursuant to this statutory directive, issued specific regulations requiring children's case records to be kept "strictly confidential." 34 V.I.R. & R. § 103-111 (1973). Clearly, the duty to keep these records confidential was transferred from Social Welfare to YSA upon its creation. See 3 V.I.C. § 1166 (Supp. 1979).

■ Statutes cannot be expanded or rewritten merely by invoking the court's equitable powers. Our Legislature has considered the methods for shielding juvenile records from public scrutiny, and has chosen to seal records and permit only limited expungement of fingerprints and photographs. 5 V.I.C. §§ 2503(f) and 2511(b),

---

[2] 5 V.I.C. § 2503(e) (Supp. 1979).

[3] Interpretation of this requirement is left to another day. Juveniles are never "found innocent," they merely are found "not delinquent," the juvenile court vernacular for "not guilty." Thus, it is not clear if acquittal is enough to require destruction of fingerprints and photographs. Nor is it clear what a court should do if, as here, no trial is held and charges are dismissed. Possibly, a juvenile has the right to prove his own innocence. See District of Columbia v. Hudson, 404 A.2d 175 (D.C. 1979). If so, a burden and standard of proof would have to be defined.

[4] The YSA is created and governed by 3 V.I.C. §§ 1161–1171 (Supp. 1979).

supra. While a court has equitable powers to expunge criminal records, they cannot be substituted for the Legislature's specific statutory commands. District of Columbia v. Hudson, 404 A.2d 175, 180–181 (D.C. 1979) (en banc). See generally Menard v. Saxbe, 498 F.2d 1017 (D.C. Cir. 1974). No claim is made by L. D. S. that his fingerprints or photographs were taken; and, therefore, he has no claim for expungement.[5]

For these reasons, it is

ORDERED that the minor's motion for expungement of all records relating to his arrest and prosecution is denied.

---

[5] Moreover, because L. D. S. is under 16, no fingerprints or photographs could have been taken without a court order. 5 V.I.C. § 2503(e), supra. No such order is in the court file.