## GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

### v.

## DONALD McCARTHY, Defendant

Criminal No. 166/1982

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

December 9, 1982

■

---

MICHAEL C. DUNSTON, ESQ., Assistant Attorney General (Department of Law, Criminal Division), St. Thomas, V.I., *for Government*

SAMUEL H. HALL, ESQ., St. Thomas, V.I., *for defendant*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION

Defendant Donald McCarthy has moved to expunge his records in the Department of Public Safety of all traces of suspected criminal activity. Specifically, he seeks, inter alia, the return of "the original and all copies ever made of his arrest record, fingerprints, photographs, and all other recordation relating to" his acquittal of the charges of aggravated assault and battery and interfering with an officer discharging his duty in violation of 14 V.I.C. §§ 298(1) and 1508. The motion will be denied.[1]

Relying on 5 V.I.C. § 3711(c)(1) (Supp. 1981), defendant argues "[i]f one who has been found guilty and placed on probation can have his records expunged, then certainly a defendant who has been acquitted of the charges against him can have his records expunged." Assuming that one could have his records expunged pursuant to § 3711(c), defendant's argument might have some merit. Nothing in that section, however, provides for the expungement of anything except the "finding, verdict or plea of guilty."

Where juveniles are involved, Virgin Islands' law provides

---

[1] The Government, some two months late, has submitted its opposition. The court does not consider the Government's inexcusably late (and unhelpful) opposition in reaching its decision.

for the destruction of "fingerprints, photographs, or other records pertaining to the charge which may be kept pursuant to this section." 5 V.I.C. § 2503(e) (Supp. 1981). This court has interpreted that section to mean expungement of fingerprints and photographs may be permitted upon a showing of adequate grounds. Government ex rel. L. D. S., 17 V.I. 265 (Terr. Ct., Div. St. T. & St. J., 1981). If the Legislature, in its wisdom, had wanted to confer the same right of expungement upon adults, it could have done so. To date, however, it has chosen not to.

█ In the absence of express statutory authority, the defendant argues that this court has "inherent authority" to order expungement and that the court should adopt the "general principle" that acquitted defendants be allowed to have their records expunged. Following District of Columbia v. Hudson, 404 A.2d 175 (D.C. Ct. App. 1979) (en banc), this court in Government ex rel. L. D. S. recognized that it has such inherent power. However, as in Hudson, and Doe v. Commander, Wheaton Police Dept., 329 A.2d 35 (Md. 1974), and Southern v. Murphy, 478 F.2d 938 (D.C. Cir. 1973), upon which the defendant relies, that power only may be exercised after an analysis of the facts and circumstances demonstrates the existence of extreme circumstances, Thus, the person arrested has the burden of proving that such relief should be granted. District of Columbia v. Hudson. No such showing has been made by this defendant to warrant expungement.

## ORDER

For the reasons stated in the attached memorandum, it is

ORDERED that defendant's motion for expungement is denied.