841 F.2d 1127
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert James SMITH, Defendant-Appellant.
 No. 87-3837.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1988.
 
 Before BOYCE F. MARTIN, Jr., and ALAN E. NORRIS, Circuit Judges, and JOINER,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Robert James Smith appeals from the district court's order denying his motion to expunge records of his conviction under 18 U.S.C. Sec. 35. Finding that the district court did not abuse its discretion in denying Smith's motion, we affirm.
 
 
 2
 In 1959, Smith was convicted by a jury under 18 U.S.C. Sec. 35 for telephoning a bomb threat to the Federal Aviation Administration control tower at the Greater Cincinnati Airport. He received the maximum sentence of one year in prison and the maximum fine of $1,000. His conviction was affirmed on appeal. Smith v. United States, 283 F.2d 16 (6th Cir.1960), cert. denied, 365 U.S. 847 (1961). Smith served his time and paid his fine, and, in 1963, Smith was pardoned by President Johnson. On May 14, 1987, Smith filed a motion to expunge the record of his arrest and conviction.
 
 
 3
 In denying the motion, the district court held that Smith did not qualify for expungement because a presidential pardon does not entitle him to expungement, the United States has a legitimate interest in maintaining arrest and conviction records, Congress has not authorized expungement under the circumstances of this case, and Smith did not meet the judicially-developed criteria for expungement.
 
 
 4
 Relying on Ex Parte A.H. Garland, 71 U.S. (4 Wall.) 333 (1867), Smith argues that his presidential pardon effectively declared that he was innocent of the crime for which he was convicted.
 
 
 5
 A pardon doth discharge, not only the punishment which was to have been inflicted upon the person who did commit the offense pardoned, but also the guilt of the offense itself. It pardons culpa so clearly that, in the eye of the law, the offender is as innocent as if he never committed the offense.
 
 
 6
 Id. at 380. Smith concludes that this Supreme Court precedent requires that his record be expunged. Consequently, Smith asserts that the district court abused its discretion and erred as a matter of law by denying his motion for expungement.
 
 
 7
 Smith also raises two constitutional arguments for the first time on appeal. First, he argues that, because 18 U.S.C. Sec. 35 was increased from a misdemeanor to a felony in 1965, maintenance of the records of his arrest and conviction violate the Constitution's prohibition against ex post facto laws. Second, Smith argues that the maintenance of the record of his arrest and conviction in the face of his presidential pardon operates as an unconstitutional bill of attainder.
 
 
 8
 Smith's reliance on Ex parte A.H. Garland is misplaced. A presidential pardon restores the offender's civil rights, but, as this court has recognized, a presidential pardon does not require the expungement of a criminal conviction. United States v. Doe, 556 F.2d 391, 392 (6th Cir.1977). To the contrary, it is established national policy that criminal records be maintained as an aid to effective law enforcement. 28 U.S.C. Sec. 534. Notwithtanding this policy, a federal court may order the expungement of criminal records in an appropriate case on the basis of statutory authorization or the court's inherent equitable powers. Congress has not authorized expungement in this type of case. Cf. 18 U.S.C. Sec. 3607 and 21 U.S.C. Sec. 844 (congressional authorization of judicial expungement of the records of persons convicted of simple possession of a controlled substance who were less than 21 years old at the time of the offense).
 
 
 9
 Similarly, Smith is not entitled to expungement under any heretofore judicially-recognized criteria. Cf. United States v. McLeod, 385 F.2d 734, 750 (5th Cir.1967) (expungement is appropriate where unlawful arrest was made for the purpose of harassment or intimidation). Consequently, the decision to grant Smith's motion to expunge was left to the sound discretion of the district court. Given the record before the district court, we find no abuse of discretion in denying Smith's motion to expunge.
 
 
 10
 Smith is precluded from raising issues on appeal not raised below. Even if considered, Smith's new constitutional arguments are without merit. Maintenance of accurate records of Smith's conviction operates neither as an ex post facto law nor as a bill of attainder. The ex post facto provision of the Constitution prohibits any law that increases punishment beyond that of the law annexed to the crime when committed. Malloy v. South Carolina, 237 U.S. 180 (1915). Smith, however, was properly punished under the version of 18 U.S.C. Sec. 35 in force at the time he committed his offense; the 1965 amendment of 18 U.S.C. Sec. 35 was not applied retrospectively to Smith. Moreover, Smith cannot complain that his conviction was a bill of attainder. A bill of attainder is a law that legislatively determines guilt and inflicts punishment without any conviction in the ordinary course of judicial proceedings. Nixon v. Administrator of General Services, 433 U.S. 425, 468 (1977). Smith's claim fails because his guilt was determined by a jury and affirmed on appeal.
 
 
 11
 The judgment of the district court is affirmed.
 
 
 
 *
 Honorable Charles W. Joiner, Senior District Judge for the Eastern District of Michigan, sitting by designation