**Michael A. GEARY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 89–1586.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1990.

Decided April 20, 1990.

Laurel T. Siemers, St. Louis, Mo., for appellant.

Kathianne K. Crane, St. Louis, Mo., for appellee.

Before ARNOLD and BOWMAN, Circuit Judges, and HUNTER,[*] District Judge.

BOWMAN, Circuit Judge.

Appellant Michael Geary petitioned the District Court[1] for expungement of all criminal records concerning his arrest and acquittal on a bank robbery charge thirteen years ago. The District Court denied his request without a hearing. He argues on appeal that it was an abuse of discretion for the court to deny his request without holding an evidentiary hearing. We affirm.

Congress has ordered the Attorney General to "acquire, collect, classify, and preserve" all records pertaining to a crime. 28 U.S.C. § 534(a) (1982). Our Circuit has held, however, consistent with other circuits, that a federal court may exercise its inherent equitable powers by ordering the Attorney General to expunge criminal records in a particular case, provided that the case presents extraordinary circumstances warranting such an exercise of the

---

[*] The HONORABLE ELMO B. HUNTER, Senior United States District Judge for the Western District of Missouri, sitting by designation.

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

court's equitable power. *See United States v. Doe*, 859 F.2d 1334 (8th Cir.1988); *United States v. McMains*, 540 F.2d 387 (8th Cir.1976); *see also United States v. Friesen*, 853 F.2d 816 (10th Cir.1988); *United States v. G.*, 774 F.2d 1392 (9th Cir.1985); *Doe v. Webster*, 606 F.2d 1226, 1230 (D.C.Cir.1979). Acquittal generally has not been treated by the courts as an extraordinary circumstance warranting the issuance of an expungement order. *United States v. Linn*, 513 F.2d 925, 927–28 (10th Cir.), *cert. denied*, 423 U.S. 836, 96 S.Ct. 63, 46 L.Ed.2d 55 (1975). *But see McMains*, 540 F.2d at 390 (dictum) ("The power [to expunge records] is a narrow one, usually exercised in cases of illegal prosecution of acquittals. . . ."). Courts have ordered the expunction of criminal records in cases of mass arrests without probable cause, *Sullivan v. Murphy*, 478 F.2d 938, 968–73 (D.C.Cir.), *cert. denied*, 414 U.S. 880, 94 S.Ct. 162, 38 L.Ed.2d 125 (1973), arrests under statutes later· held unconstitutional, *Kowall v. United States*, 53 F.R.D. 211 (W.D.Mich.1971), and arrests found to have been for the purpose of harassment only, *United States v. McLeod*, 385 F.2d 734, 749–50 (5th Cir.1967).

Geary argues that the District Court must hold a hearing in order to determine whether or not his case qualifies as extraordinary. But Geary had at least two opportunities to demonstrate to the District Court that his case was sufficiently unusual or extraordinary: first, in his petition for expungement and, second, in his memorandum in support of expungement—which the District Court specifically invited him to file. In neither of these documents (nor in his argument to this Court) did Geary provide any information distinguishing his case from all others in which a defendant is acquitted.

In his petition, Geary made a series of nonspecific assertions such as that the arrest was not based on probable cause, that it was for the purpose of harassment, and that the existence of records concerning his arrest and trial has caused him embarrassment and has impinged on his ability to earn "a substantial livelihood." Petition for Expungement. Geary marshalled no facts in support of these claims, and the claims of harassment and lack of probable cause seem particularly empty in light of the grand jury's decision to indict him.

The District Court thus denied Geary's petition, stating that Geary had offered the court no grounds upon which to order expungement. In its denial order, however, the court gave Geary thirty days to "provide[ ] the Court with authority for expungement." Order Denying Petition. Geary's subsequent memorandum cited cases, but was even more barren of facts concerning his case than the original petition had been.

Judicial authority to waive Congress's clear mandate that the Attorney General preserve all criminal records has never been held to encompass acquittals *per se*. Geary failed to offer the District Court any information suggesting the existence of additional extenuating circumstances in his case. Because Geary did not provide the court with even a suggestion of the existence of any facts that would show the unusual or extraordinary nature of his case, the District Court acted entirely properly in denying his petition without a hearing.

We affirm.