79 F.3d 1149
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Deborah ROBINSON, Defendant-Appellant.
 No. 94-1945.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1996.
 
 Before: BROWN, WELLFORD, and MILBURN, Circuit Judges.
 WELLFORD, Circuit Judge.
 
 
 1
 In 1986, petitioner Deborah Robinson was indicted for mail fraud pursuant to 18 U.S.C. § 1341.[1] Following a guilty plea, Robinson was sentenced to one year and one day in prison, with all but the first ninety days suspended, to be followed by two years probation. The district court also ordered Robinson to make restitution in the amount of $4,401.05. Robinson's sentence was subsequently reduced to a period of probation, a $1000 fine and restitution. At present, Robinson has fulfilled all the requirements of her sentence and has not been convicted of any other crimes.
 
 
 2
 At the time of her conviction, and for a period thereafter, Robinson was employed by Ameritech Corporation. Robinson alleges, however, that she was terminated in March of 1994 due to corporate "down sizing." Robinson further alleges that her mail fraud conviction has since prevented her from obtaining comparable employment.[2] As a result, on June 24, 1994, Robinson filed a "Petition to Set Aside Conviction," in which she asked the district court to expunge the record of this conviction. The district court summarily denied Robinson's petition, stating that "no authority is cited for the Court to set aside a conviction and the Court knows of none." This timely appeal followed.
 
 
 3
 The parties agree that Robinson's petition, though styled as one to set aside her conviction, actually constitutes a petition for expungement. This court reviews the denial of such a petition for an abuse of discretion. United States v. Doe, 556 F.2d 391, 393 (6th Cir.1977). Robinson argues that the district court committed an abuse of discretion in her case because, contrary to the court's assertion, it had the power to expunge her conviction. Robinson further contends that the lower court should have exercised this power, because it is unfair for her to have bear the economic burden of the conviction when she has satisfied all the requirements of her sentence and has lived a law-abiding life since 1986.
 
 
 4
 We have held that "it is within the inherent equitable powers of a federal court to order the expungement of criminal records in an appropriate case." Doe, 556 F.2d at 393. Nevertheless, this court has not yet posited a standard for determining which cases are "appropriate." Other circuits recognizing an equitable power to expunge have generally held that the decision to exercise such power hinges on a balancing of "the government's need to maintain extensive records to aid in effective law enforcement against the harm to the individual of maintaining these records...." See, e.g., United States v. Bagley, 899 F.2d 707, 708 (8th Cir.), cert. denied, 498 U.S. 938 (1990). Acknowledging the strength of the government's interest in this context, however, these circuits have held that the expungement power is narrow and appropriately used only in extreme circumstances. United States v. Smith, 940 F.2d 395, 396 (9th Cir.1991); United States v. Friesen, 853 F.2d 816, 817 (10th Cir.1988); Allen v. Webster, 742 F.2d 153, 155 (4th Cir.1984); United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir.1977), cert. denied, 435 U.S. 907 (1978); Menard v. Saxbe, 498 F.2d 1017, 1021 (D.C.Cir.1974).
 
 
 5
 Applying the foregoing standards, federal courts have most readily invoked the expungement power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct. Conversely, courts have uniformly denied expunction requests regarding valid convictions. See, e.g., United States v. Smith, 1988 WL 19174, at * 1 (6th Cir. March 8, 1988) (unpublished opinion) (finding no abuse of discretion in lower court's denial of petitioner's request for expunction of the record of a valid conviction for which the petitioner was subsequently pardoned); United States v. Janik, 10 F.3d 470, 472 (7th Cir.1993) (denying request for expunction by soldier, who alleged that records of indictment and conviction would keep him from being promoted in the Army and prevent him from obtaining civilian employment, because conviction, although overturned on Speedy Trial Act grounds, was supported by sufficient evidence); United States v. Scott, 793 F.2d 117, 118 (5th Cir.1986) (holding that trial court was without power to grant request for expungement of records relating to a valid conviction that allegedly burdened petitioner's profession as a securities dealer); Schnitzer, 567 F.2d at 539 (denying expunction request of rabbinical student, who feared that arrest and indictment records would hamper his career, because the arrest, indictment, and law under which petitioner was charged were valid); Schwab v. Gallas, 724 F.Supp. 509, 510-511 (N.D.Ohio 1989) (finding expunction of a valid felony conviction not warranted by the fact that petitioner had fulfilled the requirements of his sentence and had subsequently lead a law-abiding life). While these cases may not establish a per se rule against expunging valid convictions, they illustrate that petitioners must put forth much more compelling and extraordinary circumstances than those relied upon by Robinson.
 
 
 6
 Based on the foregoing, we find that the district court did not err in denying Robinson's petition for expungement of her valid 1986 mail fraud conviction, and thus, we AFFIRM the district court's order to that effect.
 
 
 
 [1]
 This charge stemmed from a scheme in which Robinson collected $5,600 in insurance proceeds by fraudulently representing that her car had been stolen
 
 
 [2]
 As the government points out, Robinson has presented no evidence that her conviction has actually restricted her employment opportunities