**UNITED STATES OF AMERICA, Plaintiff**

**v.**

**MELVIN MARVIN THOMAS, Defendant**

Crim. No. 1987-203(B)

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 14, 1999

MOORE, *Chief Judge*

### MEMORANDUM

THIS MATTER is before the Court on the defendant, Melvin Marvin Thomas's (hereinafter "Thomas"), October 22, 1997, Motion for Expungement of Records. Thomas requests that all records, including but not limited to, photographs, FBI records, NCIC records, and the records of all federal, state and local law enforcement agencies, relative to the criminal matter and his conviction be expunged. At minimum, the defendant requests that all records indicate that he was acquitted of the charges.

In support of his motion, Thomas has filed an affidavit. He notifies the Court that on or about October 13, 1997, he discovered that the NCIC records do not reflect that he was acquitted of his conviction nor do they reflect that the other charges were dismissed. He expresses concern that other records, federal or state,

330

and law enforcement agencies may also contain inaccurate information regarding the above case. He further alleges that "the continued existence of these records adversely affect my right to assert that I have never been convicted of a crime and thereby adversely affect my ability to obtain employment and take advantage of other opportunities."

In opposition, the Government states that the defendant does not claim that his arrest or conviction was the result of any constitutional violation nor does he present facts establishing any extreme circumstances that would justify expungement of his arrest and conviction record, therefore defendant's motion should be denied.

## FACTS

Thomas, a resident of St. Thomas, was arrested in Atlanta, Georgia on February 10, 1995, on a criminal complaint alleging commission of certain drug offenses and firearms possession. He was subsequently charged on March 16, 1995, in the District Court of the Virgin Islands by indictment with Count I, violation of 21 U.S.C. §§ 841(a)(1) and 846, Conspiracy to Possess Cocaine with Intent to Distribute; Count II, violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, Possession With Intent to Distribute Cocaine; Count III, violation of 21 U.S.C. §§ 952(a), 963, and 18 U.S.C. § 2, Attempted Importation of Cocaine and Aiding and Abetting; and Count IV, violation of 18 U.S.C. § 924(c)(1), Carrying a Firearm During the Commission of a Drug Trafficking Offense. On December 1, 1995, Thomas' Motion to Dismiss Count IV and Motion to Suppress were denied. At the trial of this matter on December 6th and 7th, 1995, the Government dismissed counts II and III, the possession of cocaine with intent to distribute and attempted importation of cocaine counts. Thomas' motions for judgment of acquittal at the close of the Government's case in chief and at the end of trial were denied. After deliberation, the jury returned a verdict of guilty on count I, but could not reach a unanimous verdict on count IV. The Court declared a mistrial as to count IV. On December 28, 1995, Thomas filed a Motion for Judgment of Acquittal or in the Alternative for New Trial.

On June 28, 1996, after sentencing, the Court issued the Judgment of Conviction. Thomas was sentenced to 135 months impris-

onment, given credit for time served, and placed on supervised release for a term of 5 years after he served his sentence. Thereafter on July 10, 1996, he appealed his conviction to the Third Circuit Court of Appeals. On or about May 29, 1997, the Court of Appeals reversed Thomas' conviction and remanded to this Court for entry of judgment of acquittal. On July 1, 1997, this Court entered its Judgment of Acquittal. The instant Motion to Expunge was filed thereafter.

## DISCUSSION

In requesting expungement, Thomas recognizes that it is an extraordinary remedy within the discretion of the court. He asserts that since he challenged his conviction and successfully argued that the evidence was insufficient to justify his conviction, he is factually innocent of the charge for which he was convicted. The Government oppose, noting that the Court of Appeals based its decision to acquit on the insufficiency of evidence.

■ Requests for expungement have been made in the criminal proceeding in which the arrestee was acquitted. *United States v. Linn*, 513 F.2d 925, 927, (10th Cir. 1975) cert. denied 423 U.S. 836, 96 S. Ct. 63, 46 L. Ed. 2d 55 (1975) (citations omitted). The court's power to expunge an arrest record where the arrestee has been acquitted is well settled, but the "power to expunge records is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case." *United States v. Noonan*, 906 F.2d 952, 956, (3d Cir. 1990); *United States v. Schnitzer*, 567 F.2d 536 (2nd Cir. 1977), *Linn*, 513 F.2d at 927; *United States v. Johnson*, 714 F. Supp. 522 (S.D. Fl. 1989). The Third Circuit Court of Appeals has held that expunction of an official record is not automatically granted for convictions overturned on constitutional grounds or even for acquittals. *Noonan*, 906 F.2d at 957 (presidential pardon is not sufficient basis for expungement); *United States v. Friesen*, 853 F.2d 816, (10th Cir. 1988) (attorney acquitted on all counts of conspiracy to manufacture cocaine was not automatically entitled to expunction of records).

Expunction may be proper, though not automatic, when an arrest or conviction is constitutionally infirm. *Noonan*, 906 F.2d at

332

957; and *United States v. Quintiliani*, 1997 U.S. Dist. LEXIS 10866, 1997 WL 430973 (E.D. Pa. 1997). Generally, the circuits have upheld expunction where the procedures involved in mass arrests render judicial determination of probable cause impossible; where the sole purpose of an arrest is to harass civil right workers; and where the record reflects that the arrest and conviction of a person based upon a statute has been subsequently declared unconstitutional. *Noonan*, 906 F.2d at 957; *Geary v. United States*, 901 F.2d 679, 680 (8th Cir. 1990); and *Linn*, 513 F.2d at 927.

Although the defendant's conviction was challenged and reversed on appeal, the challenge to the conviction did not state a constitutional infirmity and it was not overturned on a constitutional ground. Next, Thomas' arrest was a lawful one and he was later charged by indictment. Thomas has not alleged that his arrest was the result of a mass arrest where a finding of probable cause was impossible. Neither has he alleged that he is a civil rights worker and his arrest was a form of harassment. Therefore, he has not satisfied any of the grounds for expungement after an acquittal.

Lastly, Thomas has not shown any extraordinary circumstance sufficient to warrant expungement. As noted earlier, expunction is a rare remedy, reserved for the unusual or extreme case. Thomas' bare allegation that the maintenance of the records adversely affect his ability to obtain employment and take advantage of other opportunities does not present an extraordinary circumstance or adequate reason sufficient to warrant expungement.

## CONCLUSION

Upon consideration of the authorities cited and the facts and circumstances of the instant case, it is evident that the acquittal of a defendant, alone, is not sufficient to support a motion for expungement of his records. The Court does, however, believe that the Government has a duty to maintain adequate records and to insure that the official Government records disseminated to Government agencies correctly reflect the final disposition of this case. An appropriate Order will follow.

## ORDER

THE COURT having entered its Memorandum of even date herewith, it is hereby

**ORDERED** that the defendant's Motion for Expungement is DENIED; and it is further

**ORDERED** that the Government provide accurate information about the final disposition of this case to the Government agency charged with maintaining official criminal records.