**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**NOEL G.E. RICHARDSON, JR., Defendant**

Crim. No. 299/2002

Territorial Court for the Virgin Islands

Division of St. Thomas and St. John

January 21, 2004

LETHEAL N. JOHNSON, ESQ., Assistant Attorney General, Virgin Islands Department of Justice, St. Thomas, Virgin Islands, *Attorney for the Plaintiff*

JESSE BETHEL, JR., ESQ., Office of the Public Defender, St. Thomas, Virgin Islands, *Attorney for the Defendant*

SWAN, *Judge*

## MEMORANDUM OPINION

### (January 21, 2004)

Before the Court is the Parties' Stipulated Motion to Expunge the Defendant's July 24, 2002 Arrest Record. On August 17, 2002, this Court ordered both parties to file separate memorandum of law in support of the motion. The Government filed its memorandum of law, asserting that Defendant's arrest record should not be expunged, which is a reversal of its previous position when the stipulated motion was filed with the Court. Defendant failed to file a memorandum of law. For the following reasons, the parties' stipulated motion to expunge the Defendant's arrest record will be denied.

## I. FACTUAL AND PROCEDURAL HISTORY

Noel G.E. Richardson ("Defendant") was arrested on May 21, 2002 for committing an assault and battery upon Lionel Rhymer ("Rhymer"). Michael Rhymer, an off-duty police officer, observed Defendant violently kicking Rhymer while both men were in the parking lot of Wheatley Shopping Center II in Estate Thomas. Defendant was immediately arrested and charged with aggravated assault and battery. *See,* 14 V.I. CODE ANN. § 298 (1996). At Defendant's advice of rights hearing, the Government's counsel made an oral motion to dismiss the charge. The Court granted the Government's motion, thereby dismissing the charge against Defendant. On June 7, 2002, the Government filed a formal Statement of No Prosecution, affirming its previous decision not to prosecute Defendant.

On July 24 2002, the parties filed a Joint Stipulated Motion To Expunge Defendant's Criminal Arrest Record. The motion requests this

Court to expunge and seal Defendant's Virgin Islands Bureau of Criminal Investigation Record (Arrest Record) and his National Crime Information Center Record (NCIC). On August 17, 2002, the Court ordered the parties to file individual memorandum of law in support of their joint stipulated motion. On August 27, 2002, an assistant attorney general, other than the one who represented the Government at the advice of rights hearing, filed the Government's memorandum of law opposing expungement of Defendant's criminal record. The Government now asserts that Defendant's criminal record should not be expunged, because the Government's interest in maintaining criminal records substantially outweighs Defendant's personal interest in having his record expunged.[1] Because Defendant's attorney has failed to file a memorandum of law in support of the stipulated motion, the Court assumes that Defendant has conceded the Government's position of denying expungement of his criminal record.

## II. DISCUSSION

The pivotal issue is whether a Defendant's criminal record must be expunged when a Defendant has been arrested, but before there is a judicial finding of probable cause to support the arrest, the charge against the Defendant is dismissed pursuant to the Government's motion.

■ "Retaining and preserving arrest records serves the important function of promoting effective law enforcement. Such records help to meet the 'compelling public need for an effective and workable criminal identification procedure'" *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977), *cert. denied*, 435 U.S. 907, 98 S. Ct. 1456, 55 L. Ed. 2d 499 (1978). Additionally, "[t]he government's need to maintain arrest records must be balanced against the harm that the maintenance of arrest records can cause citizens." *Id.* Importantly, the Government's interests in maintaining criminal records are presumed, unless a petitioner seeking expungement can overcome them. *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695 (5th Cir. 1997), *cert. denied*, 523 U.S. 1077, 118 S. Ct. 1523, 140 L. Ed. 2d 675 (1998).

---

[1] Subsequent to signing the Stipulation, the Government must have changed its position and decided to oppose the parties' stipulated motion to expunge the Defendant's Criminal Record as elucidated in its memorandum of law.

■ The expungement of criminal records is an exceptional circumstance that lies within the Court's discretion. Despite the Court's discretion, the power to expunge criminal records is a narrow one and should be reserved for the unusual or extreme case. *United States v. Noonan*, 906 F.2d 952 (3d Cir. 1990). The same standard applies to expungement of an arrest record and to a record of conviction. *Camfield v. City of Oklahoma City*, 248 F.3d 1214 (10th Cir. 2001). Courts have interpreted unusual or extreme cases, meriting expungement of an accused's criminal record to instances in which there is a lack of probable cause to support the charge, in addition to extraordinary circumstances, such as "flagrant violations to the Constitution," *Doe v. Webster*, 196 U.S. App. D.C. 319, 606 F.2d 1226, 1230 (D.C. Cir. 1979). Nevertheless, in extreme cases, a Defendant's arrest record may be expunged after dismissal of the charges or if a Defendant is acquitted. *United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993). Therefore, before a court exercises its discretion to expunge an arrest record, the court must weigh the reasons advanced for and against expunging the record to determine the merit of the request. *Diamond v. United States*, 649 F.2d 496, 499 (7th Cir. 1981).

In *Geary v. United States*, 901 F.2d 679 (8th Cir. 1990), the Court held that there was no abuse of discretion when the District Court denied appellant's petition for expungement of his criminal record, concerning his arrest and subsequent acquittal of the charge, because there was no information to suggest that there existed additional extenuating circumstances to sufficiently classify the case as unusual or extraordinary.

■ It is noteworthy, however, that a defendant is not automatically entitled to expungement of his criminal records because he has been exculpated from criminal charges. *Pinto*, 1 F.3d at 1070. Similarly, because the Government moves the Court to dismiss charges against a defendant does not automatically justify expungement of a Defendant's arrest record. Moreover, individuals acquitted at trial are not entitled to expungement of their records as a matter of course. *Livingston v. United States Department of Justice*, 759 F.2d 74 (D.C. Cir. 1985). Therefore, except for extenuating circumstances, if the Government has probable cause to arrest a Defendant, expungement of the Defendant's criminal records is not appropriate. *Schnitzer*, 567 F.2d at 540.

Concededly, in other instances, courts have held that expungement of a Defendant's record is proper when adverse consequences to the injured

individual outweigh the public interest or the Government's need in maintaining criminal records. *Diamond v. United States*, 649 F.2d 496, 499 (7th Cir. 1981). For instance, expungement of a defendant's criminal record is favored when the Government dismisses charges against a Defendant, and the Government concedes the Defendant's innocence. *United States v. Flagg*, 178 F. Supp. 2d 903 (S.D. Ohio 2001). *See, United States v. Van Wagner*, 746 F. Supp. 619 (E.D. Va. 1990). Nonetheless, cases of aborted prosecutions, as in this case, have been sparsely and exiguously addressed in case law. The following cases are fairly representative of the prevailing case law on the issue of expungement of criminal records.

In *United States v. Van Wagner*, 746 F. Supp. 619 (E.D. Va. 1990), the Defendant was arrested for drug trafficking and money laundering. Subsequently, the Government decided not to prosecute the Defendant and dismissed the charges, because the Government believed the Defendant to be innocent of the charges, although there was probable cause to support his lawful arrest. *Id.* at 620. Because the Government conceded that Defendant was innocent of the charges, the Court concluded that in such unique circumstance, expungement of the Defendant's criminal records was proper.

In *United States v. Schnitzer, supra,* the Court of Appeals affirmed the District Court's ruling denying expungement. The Court of Appeals held that the dismissal of the indictment did not concede the innocence of the Defendant. *Id.* at 540. The Court rejected Defendant's claim, that retention of his arrest record would create a problem for him because of his status as a rabbinical student, and he may be questioned regarding circumstances surrounding his arrest. The Court concluded that Defendant's claim did not present a "harsh or unique" situation, sufficient to justify expungement. *Id.* A similar decision was reached in *United States v. Flagg*, 178 F. Supp. 2d 903 (S.D. Ohio 2001). In that case, the Court opined that although the Government dismissed charges against the Defendant after the Defendant was arrested, the Government never conceded that the Defendant was innocent. Therefore, expungement of Defendant's criminal record was not proper, particularly when the Government had probable cause to arrest the Defendant. *Id.* at 906.

In *United States v. Lopez*, 704 F. Supp. 1055 (S.D. Fla. 1988), the court rejected a Defendant's request to expunge his record. The Government decided not to prosecute the case after the Defendant was

arrested. The Court concluded that because the Defendant's arrest was not constitutionally infirm, and the Defendant's reasons for the expungement of records were based primarily on specious claims of economic and employment losses, expungement in such instance would not be proper. *Id.* at 1056-1057.

In *United States v. Janik*, 10 F.3d 470 (7th Cir. 1993), the Appellate Court affirmed the District Court's ruling to deny Defendant's motion to expunge his criminal record. The Appellate Court concluded that because there was sufficient evidence to convict the Defendant, and the adverse consequences to Defendant engendered by his criminal record did not outweigh the public interest in maintaining such records, Defendant's motion was denied.

Additionally, in *United States v. Bagley*, 899 F.2d 707 (8th Cir. 1990), *cert. denied*, 498 U.S. 938, 111 S. Ct. 343, 112 L. Ed. 2d 307 (1990), the Appellate Court affirmed the District Court's decision denying expungement of the Defendant's criminal record. Specifically, after the District Court granted the Defendant's motion to suppress weapons seized from a locked briefcase, the Government dismissed the indictment. The Appellate Court concluded that the harm to the Defendant did not outweigh the need to maintain accurate criminal records. The Court further concluded that the Government did not concede Defendant's innocence. Since the Defendant did not proffer a scintilla of evidence to justify expungement of his criminal record, the Court held that expungement of the Defendant's criminal record was not proper.

In this case, Defendant was arrested and charged with aggravated assault and battery. There is no evidence to suggest, inferentially or circumstantially, that Defendant is innocent of the crime. Furthermore, the likelihood that Defendant would have been found "guilty" had the case proceeded to trial is inescapable and is supported by persuasive evidence. For instance, Michael Rhymer, an off-duty police officer, had an unobstructed view when he witnessed Defendant villainously assaulting Lionel Rhymer about his body. Officer Rhymer immediately arrested Defendant, thereby significantly diminishing the possibility of Defendant being misidentified as the perpetrator of the assault. Importantly, there was probable cause to support Defendant's arrest when he committed the assault and battery in the presence of an eyewitness who is also a police officer. Undeniably, with the victim's testimony and the police officer's eyewitness testimony, there is no impediment to the

Government securing Defendant's conviction for aggravated assault and battery.

On the same day of the assault and battery, Defendant was advised of his Constitutional Rights. The Government decided not to prosecute the Defendant, without proffering any reason to the Court, other than "the Government will not file criminal charges against the Defendant at this time". The Government never asserted that the case "lacks prosecutorial merit," or that the reason for its failure to prosecute this case was a lack of evidence to support a conviction. Significantly, on the same "statement of no prosecution" form the Government filed with the Court, there is a section on the form to state that the case lacks prosecutorial merit, in the event the Government asserts that the case lacks such merit. However, the Government eschewed that section on the statement of no prosecution form. The Government never conceded that Defendant is innocent of the crime. Likewise, Defendant was never adjudged to be innocent of his assault upon Rhymer. The Court is unable to find any compelling or extraordinary circumstances to justify expunging Defendant's arrest record. Rather, the Court finds irrefutable evidence confirming defendant's guilt, which justifies denying the parties' stipulated motion to expunge defendant's arrest record.

This case is devoid of any credible evidence, which verifies or supports any assertion that Defendant's Constitutional Rights were violated when he was arrested, or that his arrest was constitutionally infirmed. Whatever inexplicable reason that prompted the Government to dismiss this case, the reason could not have been a lack of credible evidence to support a successful prosecution. Lastly, the Defendant was not arrested, pursuant to a statute that was subsequently adjudged unconstitutional.

Defendant has failed to proffer any local statutory law, which provides, suggests, or intimates that the parties' stipulated motion for expungement should receive favorable consideration.[2] Neither party has invited the Court's attention to any statute which may conceivably offer Defendant

---

[2] In the Virgin Islands, the expungement of juvenile records is specifically addressed in 5 V.I.C. § 2531, which grants the judiciary the power to expunge in juvenile cases. However, that section is inapplicable to the case at bar because the Defendant is not a juvenile. Additionally, pursuant to 5 V.I.C. § 3711(c), the Virgin Islands courts have also been granted the power to grant probation without conviction. *See Lettsome v. Waggoner*, 22 V.I. 94 (Terr. Ct. St. T. & St. J. 1986), *aff'd* 672 F. Supp. 858.

an entitlement of having his criminal record expunged, nor has the Court found one. Defendant has equally failed to offer any caselaw to support expungement of his record. Similarly, Defendant has failed to proffer any compelling evidence or cogent basis to persuade this Court to otherwise expunge his arrest record. However, the Court finds that if the Court expunges Defendant's arrest record, such action would be tantamount to rewarding Defendant for his criminal conduct of having assaulted Mr. Rhymer.

Because there is a public interest in maintaining Government criminal records occasioned by the criminal conduct of arrestees, Defendant's privacy, under the circumstances of this case, does not outweigh the public interest. Any claim that Defendant's reputation or his career marketability will be adversely affected or compromised by the Government maintaining its records of his arrest is unconvincing, unfounded, specious, and devoid of any factual basis.[3] Accordingly, the Court will deny the parties' stipulated motion to expunge the Defendant's criminal record.

### III. CONCLUSION

Defendant has failed to satisfy any of the factors that would justify expungement of his criminal record. This Court finds that the Defendant's privacy does not outweigh the public interest in maintaining Government records from Defendant's criminal conduct. The Court holds that when a Defendant has been arrested for committing a crime, and the factual basis of the arrest is supported by probable cause, the Defendant's arrest record will not be expunged, in the absence of a statute allowing expungement, or in the absence of a constitutional of extraordinary basis for expunging the record. Therefore, the parties' stipulated motion to expunge the Defendant's criminal record is denied. An appropriate Order will follow.

---

[3] *See, supra.*