**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**YAHANATAN NUGENT, Defendant**

Case No. SX-05-CR-69

Superior Court of the Virgin Islands

Division of St. Croix

April 2, 2007

JOSEPH PONTEEN, ESQ., Department of Justice, St. Croix, United States Virgin Islands, *Attorney for Plaintiff*.

HAROLD W.L. WILLOCKS, ESQ., Territorial Public Defender, St. Croix, United States Virgin Islands, *Attorney for Defendant*.

DONOHUE, *Judge*

## MEMORANDUM OPINION

(April 2, 2007)

THIS MATTER is before the Court on a Stipulated Petition to Expunge Record. The Petition requests that this Court expunge Defendant's arrest record. This Stipulated Petition by the parties is improperly filed under the underlying criminal matter. The above-captioned matter was dismissed in May of 2005, therefore, the Court no longer has jurisdiction and any subsequent filings under this matter are improperly before the Court. The proper procedure is to file a petition for the expungement of record as a civil matter, as we will discuss further below.

## FACTS

Defendant was arrested, on or about February 7, 2005 and charged with Burglary Third Degree, Grand Larceny, and Unauthorized Use of a Motor Vehicle. The Government motioned to dismiss the matter after the alleged victim stated that he did not wish to see the Defendant prosecuted. The Court granted the dismissal without prejudice on May 9,

2005. A Stipulated Petition to Expunge Records was filed on February 9, 2007. The parties argue that, because the Government dismissed the matter and Defendant was never tried and convicted, Defendant's arrest should be expunged. Additionally, the Petition alleges that the arrest record is jeopardizing Defendant's future plans of joining the U.S. Marines.

## LEGAL AUTHORITY

 Courts have an inherent power to expunge records. *Gov't of V.I. v. McCarthy*, 18 V.I. 245, 247 (Terr. Ct. 1982), *Lettsome v. Waggoner*, 672 F. Supp. 858, 864 (D.V.I. 1987). However, in *U.S. v. Thomas*, 34 F. Supp. 2d 303, 304-305, 40 V.I. 330 (D.V.I. 1999), the District Court recognized that the "power to expunge records is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case." *Id.* (quoting *U.S. v. Noonan*, 906 F.2d 952, 956 (3d Cir. 1990)). *See U.S. v. Schnitzer*, 567 F.2d 536 (2d Cir. 1977), *U.S. v. Johnson*, 714 F. Supp. 522 (S.D. Fla. 1989). Therefore, the power of expungement may only "be exercised after an analysis of the facts and circumstances demonstrates the existence of extreme circumstances." *Gov't of V.I. v. McCarthy*, 18 V.I. at 247. The person seeking expungement has the burden of proving that expungement should be granted. *Id.* Expunction of an official record is not automatically granted for convictions overturned on constitutional grounds or even for acquittals. *Noonan*, 906 F.2d at 957 (presidential pardon is not sufficient basis for expungement); *U.S. v. Friesen*, 853 F.2d 816 (10th Cir. 1988) (attorney acquitted on all counts of conspiracy to manufacture cocaine was not automatically entitled to expunction of records).

██ In *Government of the Virgin Islands v. Richardson*, 45 V.I. 326, 2004 V.I. LEXIS 1 (Terr. Ct. 2004), the Court held that when a defendant has been arrested for committing a crime, and the factual basis of the arrest is supported by probable cause, the arrest record will not be expunged in the absence of a statute allowing expungement, in the absence of showing extraordinary circumstances, or in the absence of constitutional infirmity. 45 V.I. 326.

Certain territorial statutes create judicial power to expunge adult criminal convictions in limited circumstances. The first statute provides for a term of probation without conviction pursuant to Title 5, Section

3711(c). Under 3711(c)(1), a person who has been found guilty of an offense and placed on probation may have the finding, verdict or plea of guilty expunged. V.I. CODE ANN. tit. 5, § 3711(c)(1) (2006). Pursuant to Title 5, Section 3712, the court may expunge the conviction of a person, who has not reached the age of twenty-one (21), after fulfilling a period of probation and meeting other requirements. Neither of these sections gives the Court the power to expunge the arrest upon which the conviction was based. Furthermore, there are no statutes within the Territory which gives the Court the power to expunge an arrest record, therefore, a petitioner must demonstrate, as established by case law, that his circumstances are extraordinary or there was a constitutional infirmity to his arrest.

## DISCUSSION

Although there is ample case law in our jurisdiction clarifying the substantive rights of the parties, procedurally, there is little guidance as to how to seek an expungement of an arrest record.

## 1. PROCEDURAL REQUIRMENTS

Although it originates out of criminal charges, expunction of a criminal record is relief of a civil nature and, therefore, governed by the rules of civil procedure. *See Commonwealth v. Bailey*, 278 Pa. Super. 51, 53-54, 419 A.2d 1351 (1980) (citing *Irani v. D.C.*, 292 A.2d 804 (D.C. 1972)); *Houston Police Dept. v. Berkowitz*, 95 S.W.3d 457 (Tex. App. 2002); *State v. Brasch*, 118 Ohio App. 3d 659, 693 N.E.2d 1134 (1997). Therefore, any action taken by the person must comply with civil rules and procedures governing this Court. Accordingly, the party seeking the relief must bring the action before the Court, pay the requisite filing fee, caption such action accordingly, and name all the necessary parties, *i.e.* the prosecutorial office and all other state and local government agencies whose records would be affected by an expungement order, as well as upon the attorney who serves each agency or jurisdiction. Upon commencing an action for expungement, the person must provide notice to all affected parties as required by Due Process and pursuant to the rules governing service.

## 2. SUBSTANTIVE REQUIREMENTS

■ Just as a defendant is not automatically entitled to expungement because he has been exculpated from criminal charges, any stipulated agreement between the defendant and the prosecutor's office does not automatically entitle defendant to expungement.[1] *Gov't of V.I. v. Richardson, supra.* Because, the expungement of a criminal record is an exceptional circumstance, the Court must weigh the reasons advanced for and against expunging the record to determine the merits of the request. 45 V.I. 326, at *2.

Substantively, the petition must contain all the information that is necessary for the Court to make an informed decision on the issue before us. When filing the petition, petitioner should state, among other things:

· why expungement is sought (*e.g.*, for employment or licensure purposes), the statutory or other legal authority under which it is sought, and why it should be granted;

· the details of the offense or arrest for which expungement is sought, including the charged offense(s), criminal case number, date of arrest, and disposition of the case;

· the petitioner's criminal conviction record in this territory and in other states, regardless of whether the conviction(s) occurred before or after the arrest or offense for which expungement is sought;

· the petitioner's criminal charges in all prior and pending cases, including charges continued for dismissal or stayed for adjudication, or charges that were the subject of diversion; and

· all prior requests made by the petitioner for a pardon, return of arrest records, or expungement for this or any other offense, whether granted or not, and all stays of adjudication or imposition of sentence involving the petitioner.

■ Nothing submitted before this Court contains any information necessary for us to make an informed decision on the issue of

---

[1] In *Gov't of V.I. v. Richardson,* the Court denied a Stipulated Motion to Expunge, finding that neither party demonstrated any compelling or extraordinary circumstances to justify such relief.

Defendant's expungement. The argument that Defendant's arrest record may jeopardize future plans does not rise to the level of extraordinary circumstances nor does it outweigh the Government's interests.[2] Additionally, the Court finds that under the facts of the underlying criminal case, probable cause existed for the arrest. Therefore, under case precedent, this matter does not warrant the relief sought.

An Appropriate Order will be entered.

---

[2] "Retaining and preserving arrest records serve an important function of promoting effective law enforcement." *U.S. v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977), *cert. denied*, 435 U.S. 907, 98 S. Ct. 1456, 55 L. Ed. 2d 499 (1978). Such records meet the 'compelling public need for an effective and workable criminal identification procedure[s].' *Id.* Therefore, the government's need to maintain arrest records must be balanced against the harm that the maintenance of arrest records can cause citizens. *Id.*